CHARLES A. ROBINSON *vs.* ELIZABETH J. PALMER, and others.

Penobscot.    Opinion April 27, 1897.

*Will.    Contingent Remainder.*

A remainder is contingent when it is so limited as to take effect to a person not in esse, or not ascertained, or upon an event which may never happen or may not happen until after the determination of the particular estate. It is contingent if it depends upon the happening of a contingent event whether the estate limited as a remainder shall ever take effect at all.

While courts have generally adopted the rule of construction that no remainder will be construed to be contingent, which may, consistently with the intention of the testator, be deemed vested, it is equally well settled that in the interpretation of wills the intention of the testator must control.

The will which the court is asked to construe contained this clause: "I give and bequeath to my beloved wife, Elizabeth J. Leavitt, all my estate, both real and personal, of which I may be possessed at the time of my decease, for her use and benefit during her life, and at her decease, whatever there may be left of said estate or the effect of the same, I hereby order and direct that it shall be apportioned equally among my children, to wit, Elizabeth J. Palmer, Wm. C. Leavitt, Samuel K. Leavitt and Caroline M. Goddard, if they shall be living, but if they or any of them shall (die) previous to the fulfilment of this or the death of my wife, Elizabeth J. Leavitt, then his or her portion or share in said estate shall descend to his or her children for their use and benefit forever."

*Held;* that the devise to the testator's four children after the death of a life-tenant was of a contingent remainder.

*Also,* that the persons who were to take this remainder upon the termination of the life estate were not ascertained. They were the four children named, *if living.* Until the termination of the precedent estate, by the death of the life-tenant, it was impossible to tell who would take under this devise.

Three of the testator's children named in the clause above quoted died during the continuation of the life estate; two of them left children, and one, Samuel K. Leavitt, left a widow, his sole legatee, but no children.

*Held;* that the testator created a contingency but did not provide for it. He did not dispose of one-fourth of the remainder, in the event of the death of Samuel K. without children. And that this one-fourth part of whatever of his estate was left by the life-tenant at her death must be distributed as intestate estate of Thomas C. Leavitt.

And that although Samuel K. took no interest under the will of his father, as an heir of his father, he took one-fourth of the one-fourth of the remainder

that was undisposed of; and his widow, as his sole devisee and legatee, will be entitled to his share.

ON REPORT.

The case is stated in the opinion.

*D. F. Davis and C. A. Bailey,* for plaintiff.

*F. H. Appleton and H. R. Chaplin; C. J. Hutchings and M. Laughlin and D. E. Gould,* for defendants.

SITTING: PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, WISWELL, STROUT, JJ.

WISWELL, J. By a bill in equity, submitted upon bill and answers, to which all of the persons interested are parties, the court is asked to construe the will of Thomas C. Leavitt. The clause of the will about which the doubt and controversy exists, is as follows:

"Second. I give and bequeath to my beloved wife, Elizabeth J. Leavitt, all my estate, both real and personal of which I may be possessed at the time of my decease, for her use and benefit during her life, and at her decease, whatever there may be left of said estate or the effects of the same, I hereby order and direct that it shall be apportioned equally among my children, to wit, Elizabeth J. Palmer, William C. Leavitt, Samuel K. Leavitt and Caroline M. Goddard, if they shall be living, but if they or any of them shall (die) previous to the fulfilment of this or the death of my wife, Elizabeth J. Leavitt, then his or her portion or share in said estate shall descend to his or her children for their use and benefit forever."

The testator died February 1, 1869, and his will was duly probated. Elizabeth J. Leavitt, the widow and life-tenant, died March 27, 1895. During the continuation of the life estate, three of the testator's children, named in the quoted clause, died; two of them left children, and one, Samuel K. Leavitt, left a widow, his sole legatee, but no children.

The question submitted is, whether the remainder after the death of the life-tenant, devised to the four children, was vested or

contingent.    The question is not free from difficulty; it undoubt-
edly comes very close to the dividing line, and many authorities
may be, and are, cited upon each side of the contention; but we
are inclined to the opinion that, in accordance with the rule which
has been laid down by the authorities in this state, the devise must
be construed to be a contingent rather than a vested remainder.
For while it is true, that courts have very generally adopted the
rule of construction that no remainder will be construed to be con-
tingent, which may, consistently with the intention of the testa-
tor, be deemed vested, it is equally well settled that in the inter-
pretation of wills the intention of the testator must control.

A remainder is contingent when it is so limited as to take effect
to a person not in esse, or not ascertained, or upon an event which
may never happen or may not happen until after the determination
of the particular estate.    It is contingent if it depends upon the
happening of a contingent event whether the estate limited as a
remainder shall ever take effect at all.    *Woodman* v. *Woodman,*
89 Maine, 123.

The persons who were to take this remainder upon the termina-
tion of the life estate were not ascertained.    They were the four
children named, *if living.*    Until the termination of the precedent
estate, by the death of the life-tenant, it was impossible to tell
who would take under this devise.    The estate was so limited that
its vesting depended upon a contingency.    The testator used lan-
guage commonly employed for the purpose of expressing an inten-
tion that the vesting of the remainder was to depend upon the
contingency.

It is true, that when it is doubtful whether the words of contin-
gency applied to the gift itself, or to the time of enjoyment, they
will be construed as applying to the latter.    But we think that no
such doubt exists as to this will.    The phraseology of the will,
"and at her decease whatever there may be left of said estate,"
shows that the apportionment therein provided for was to take
place at the death of the life-tenant among the children then living
and the issue of deceased children.    Although the word "then"
referring to the time of the death of the life-tenant, and to which

word considerable weight has been given in many of the decided cases, was not used, the whole language is certainly equivalent thereto.

The case is almost identical with that of *Hunt* v. *Hall*, 37 Maine, 363. In that case the language of the devise was: "After the decease of my dear wife, my will is that my executor hereafter named cause an equal division to be made among all my children and the heirs of such as may then be deceased." This was held to create a contingent remainder, because the persons who were to take were not those living at the death of the testator, but such of the children as should be living, and the heirs of deceased children, at the time of the termination of the precedent estate, and that until that time there was a contingency and uncertainty as to the persons who would take the estate. The reasons are equally applicable to the case under consideration; the persons who were to take were left uncertain; they might be or they might not be in existence during the continuation of the life estate; and, so far as this uncertainty is concerned, the word "heirs" in the case of *Hunt* v. *Hall* is identical in meaning with the word "children" in this case. This case has been frequently cited and affirmed in later opinions of the court.

In *Leighton* v. *Leighton*, 58 Maine, 53, where a different conclusion was reached, the court in referring to *Hunt* v. *Hall*, supra, and to *Olney* v. *Hull*, 21 Pick. 311, said: "In both these cases the remainder was limited to dubious and uncertain persons, and was held to be contingent. Not so in the case at bar."

In *Read* v. *Fogg*, 60 Maine, 479, where a conveyance was to a daughter, "for her use and benefit during her lifetime, and after her decease, to her legal heirs," the remainder was held to be contingent, because those who would take the remainder were the heirs of the life-tenant at her decease and they might be different individuals at different periods of time during the continuance of the life estate. The cases of *Hunt* v. *Hall* and *Read* v. *Fogg* are cited with approval in *Spear* v. *Fogg*, 87 Maine, 132.

There are cases of high authority which hold, that an estate limited upon a contingency, to which the effect of a condition sub-

sequent is given, vests at once, subject to be divested upon the happening of the contingency. Thus in *Blanchard* v. *Blanchard*, 1 Allen, 223, where a testator devised to his wife all the income of his real and personal property during her natural life and to five of his children all the property that might be left at the death of his wife, to be divided equally among them, and in a subsequent clause provided that if any of the five children died before his wife, then the property should be divided equally between the survivors, the court held that the remainder was vested, laying stress upon the fact that there were no words of contingency such as, "if they shall be living at her death," or "to such of them as shall be living," the usual language used for the purpose of showing that a contingency was intended. The court held that this could be regarded as a devise in fee to the five children, subject to be divested upon a condition subsequent.

Generally, in the cases where this doctrine has been upheld, it will be noticed that the condition is added as a separate clause after words which have already given a vested interest. In *Ducker* v. *Burnham*, 146 Ill. 9, (37 Am. St. R. 135) it is said: "Whether the condition is really precedent or subsequent will depend upon whether it is incorporated into the gift to, or description of, the remainder-man, or is added as a separate clause afterwards, which words have already given a vested interest.

In *Blanchard* v. *Blanchard*, supra, the gift and the description of the remainder-men was sufficient to make the remainder vested, and the condition was added in a separate clause after the words which had already given a vested interest.

And so also in *Lenz* v. *Prescott*, 144 Mass. 505, the devise was unqualified; the condition was not incorporated into the gift or the description of the remainder-men, but was added in a later clause.

And this is also true in *McArthur* v. *Scott*, 113 U. S. 340. The language of the testator in this case was: "It is my further will and direction that after the decease of all of my children now living, and when and as soon as the youngest or last grandchild, in the next preceding clause but one of this will designated and described, shall arrive at the age of twenty-one years, all my

lands " in question "shall be inherited and equally divided between my grandchildren per capita, the lawful issue of my said sons and daughters." And later in the same paragraph it is provided, "but it is to be understood to be my will and direction that if any grandchild aforesaid shall have died before said final division is made, leaving a child or children lawfully begotten, such child or children shall take and receive per stirpes (to be equally divided between them) the share of my said estate, both real and personal, which the parent of such deceased child or children would have been entitled to have and receive if living at the time of such final distribution." It is said in the opinion of the court : " This gift is not to such grandchildren only as shall be living at the expiration of the particular estate, but it is to my 'grandchildren per capita, the lawful issue of my said sons and daughters;' words of description appropriate to designate all such grandchildren. . . . . The remainder, being vested according to the legal meaning of the words of gift, is not to be held contingent by virtue of subsequent provisions of the will, unless those provisions necessarily require it. The subsequent provisions of this will had other objects."

In *Moore* v. *Lyons*, 25 Wend. 119, a case frequently cited, and relied upon by counsel in this case in support of the contention that the remainder was vested, the court held that a devise to one for life and from and after his death to three others or to the survivors or survivor of them, gave a vested interest to the remaindermen at the time of the testator's death, construing the words of survivorship to refer to the death of the testator, and not to the death of the tenant for life.

But this case must be distinguished from these last referred to. Here the condition is a part of the description of the remaindermen; and the very phrases, the absence of which are commented upon in *Blanchard* v. *Blanchard*, supra, were used in the will under consideration. Nor, as we have seen, can the words of contingency in this will be construed as referring to the time of the death of the testator. This being a contingent remainder did not vest in Samuel K. Leavitt, and he, having died before the termina-

tion of the life estate, took no interest, under the will, which he could devise.

The testator created a contingency but did not provide for it. He did not dispose of one-fourth of the remainder, in the event of the death of Samuel K. without children. This one-fourth part then of whatever of his estate was left by his widow, the life-tenant, at her death must be distributed as intestate estate of Thomas C. Leavitt. *Spear* v. *Fogg*, supra.

But, although Samuel K. took no interest under the will of his father, as an heir of his father, he took one-fourth of the one-fourth of the remainder that was undisposed of; and his widow, as his sole devisee and legatee, will be entitled to his share.

The bill alleges that certain property and property rights were left by the said Elizabeth J. Leavitt, standing in her own name, without any qualification or designation as to the nature of her holdings or the source from which the same was derived; the complainant alleges upon information and belief that the property left as aforesaid was the estate of Thomas C. Leavitt or the proceeds thereof held by Elizabeth J. Leavitt as life-tenant. And the complainant, who is administrator of the estates both of Elizabeth J. and Thomas C. Leavitt, asks the court whether the property shall be administered and distributed as intestate property of Elizabeth J. Leavitt, or under the will of Thomas C. Leavitt.

Although these allegations are admitted in the answers, upon information and belief, we do not think that they are sufficiently definite for the court to authoritatively determine this question. It may be sufficient, however, to say, if the property mentioned in the bill was the estate of Thomas C., or the proceeds thereof and held by Elizabeth J. as life-tenant, that it must be administered and distributed as the property and estate of Thomas C. Leavitt, three-fourths in accordance with the will, and one-fourth as intestate property.

*Decree accordingly.*