CHARLES E. TAYLOR v. J. W. TAYLOR *et al*, R. V. YARNELL, Intervenor, Appellee, AND R. A. CRAWFORD, Intervenor, Appellant.

Will: CONSTRUCTION OF "OR THEIR HEIRS." The will provided
1    that the property of the testator should be divided "between
     my children or their heirs as the law directs". *Held*, the words
     "or their heirs" must be regarded as words of purchase rather

| | |
|---|---|
| 118 | 407 |
| 118 | 282 |
| 118 | 407 |
| 119 | 587 |
| 118 | 407 |
| o123 | 420 |
| 118 | 407 |
| d125 | 481 |
| 118 | 407 |
| h130 | 614 |
| 118 | 407 |
| 131 | 443 |
| 118 | 407 |
| d133 | 89 |
| 118 | 407 |
| 134 | 50 |
| e134 | 52 |
| 118 | 407 |
| 136 | 409 |

than of limitation, and the intention of the testator to have been that the heirs of the children take by substitution rather than by descent.

Same: WHAT ESTATE IN LANDS SUBJECT TO EXECUTION. Code, section 3801 and paragraph 8 of section 48 contemplate a present tangible right to, or interest in the land, so where the uncertainty of a contingent remainder involves solely the question of who shall take the real estate, it is not, before vesting, the subject of levy and sale under execution.

*Appeal from Polk District Court.*—HON. S. F. PROUTY, Judge.

THU SDAY, OCTOBER 30, 1902.

HENRY Taylor died testate December 4, 1882, owning about eighty-nine acres of land. His wife, Elizabeth Taylor, died January 20, 1900, and on the 3d day of March following suit in partition was instituted by one of their children and a decree entered on the 20th of the same month fixing the rights and interests of all parties to the action save those relating to the one- ighth found to be the share of F. M. Taylor, against whom R. A. Crawford recovered judgment December 4, 1883, and R. V. Yarnell November 16, 1896. Taylor's interest, if any, in the land, was levied on and sold under the judgment of Crawford, and a sheriff's deed issued to him May 4, 1891. After the beginning of the action, and about June, 1.00, Taylor conveyed all his interest in the land to Yarnell in satisfaction of his judgment. Upon hearing the court declared Yarnell owner of the share devised to F. M. Taylor, and Crawford appeals.—*Affirmed.*

*Howe & Miller* and *Read & Read* for appellee Yarnell.

*Woodin, Nichols & Ayres* for appellant.

LADD, C. J.—The first question raised on this appeal is, was the remainder, after the termination of the estate

given the widow, vested or contingent? If vested, the share of one-eighth devised to F. M. Taylor passed under the sheriff's deed, prior to the widows' death, to Crawford; if contingent, it was not subject to levy, and Yarnell became the owner under a conveyance after the beginning of the action. The will reads: "I give, devise, and bequeath all my property, real estate described as follows [describing real estate in question], and personal property, to my wife, Elizabeth Taylor, for her use and control during her widowhood, and at her decease or marriage to be equally divided between my children or their heirs as the law directs, except that my son Charles E. Taylor is to be provided with a good span of horses, or their value (as he may choose), as soon as he begins doing business for himself." The widow died without marrying again. Were the remaindermen in being and ascertained at the death of the testator? "A remainder is contingent when it is so limited as to take effect to a person not *in esse*, or not ascertained, or upon an event which may never happen, or may not happen until after the determination of the particular estate." *Robinson v. Palmer*, 90 Me. 246 (38 Atl. Rep. 103). If the gift is immediate, though its enjoyment be postponed, it is vested; but if it is future, and is dependent on some dubious circumstance, through which it may be defeated, then it is contingent. Hence it has been said that the point which determines the vesting is not whether time is annexed to the gift, but whether it is annexed to the substance of the gift as a condition precedent. *McClure's Appeal*, 72 Pa. 414. And in *Beaty's Adm'r v. Montgomery's Ex'r*, 21 N. J. Eq. 324, it was declared that whether a legacy is vested or contingent depends upon the event, and not on the time. If the event is uncertain, the legacy is contingent, though the time is fixed; and, if certain, the legacy is vested, although the time is uncertain. The books are agreed that the law leans toward the vesting

*Marginal note: I. WILL: "or their heirs" construed.*

of remainders. Some of the rules of construction are
mentioned in *McClain v. Capper*, 98 Iowa, 146. These
and others will be found somewhat elaborated in *Goebel
v. Wolf*, 113 N. Y. 405 (21 N. E. Rep. 388, 10 Am. St. Rep.
464), and note; *Bank v. Ballard's Assignee*, 83 Ky. 481;
(4 Am. St. Rep. 160); *Manderson v. Lukens*, 23 Pa. 31 (62
Am. Dec. 312); *Ducker v. Burnham*, 146 Ill. 9 (34 N. E.
Rep. 558, 37 Am. St. Rep. 135). Reverting to the instru-
ment under consideration, it will be seen that our conclu-
sion necessarily depends on the effect to be given the
words "or their heirs as the law directs." The last clause
evidently means those heirs entitled to inherit under the
laws of the state, and, had "and" been written in the
place of "or," there could have been no doubt of the
testator's intention of merely creating an estate of inheri-
tance. To treat "or" as "and" in construing the will
would render the whole clause meaningless, as without it
the fee would have passed to the children. Section 2913,
Code. But we are not permitted to reject clauses, nor
arbitrarily to substitute one word for another. This can
only be done when imperatively demanded in order to
carry out the intentions of the testator. In *Griffith's
Lessee v. Woodward*, 1 Yeates, 318, it was said: "Courts
of justice will transpose the clauses of a will and construe
'or' to be 'and' and 'and' to be 'or' only in such cases
when it is absolutely necessary so to do to support the
evident meaning of the testator. But they cannot arbi-
trarily expunge or alter words without such apparent
necessity." Sir George Jessel illustrates in a ludicrous
way the fallacy of changing the natural meaning of words
in *Morgan v. Thomas*, 9 Q. B. Div. 645: "You will find
it said in some cases that 'or' means 'and,' but 'or' never
does mean 'and' unless there is a contest which shows it is
for 'and' by mistake. Suppose the testator said, 'I give
the black cow on which I usually ride to A. B.,' and he
usually rode a black horse, of course the horse would pass;

but I do not think that any annotator of cases would put in the marginal notes that 'cow' means 'horse.'" Nothing in the wording of the will or the situation of the parties indicates that the disjunctive "or" was by mistake made use of instead of the conjunctive "and", or that it was not designedly employed to express the real intention of the testator. *In re Gilmor's Estate*, 154 Pa. 523 (26 Atl. Rep. 614, 35 Am. St. Rep. 855.) No doubt there are decisions holding that in a devise to one or his heirs, issue, or the like, whatever the form of expression, the word "or" should be construed as "and." See cases collected in note to *Janny v. Sprigg* (48 Am. Dec. 570). On this subject Judge Redfield, in his work on Wills, says: "There is also a class of cases, somewhat numerous, where the word 'or' is interposed between the name of the first legatee or devisee and the heirs of such person,—as, to A or his heirs, forever, or in tail,—in regard to which there has been considerabl? discussion, and where there does not seem to be perfect coincidence. Some of the earlier cases where this occurs incline to treat the variation from the usual form of creating such limitations as merely accidental, and as not being intended to create any different estates. The cases where the word 'or' being interposed between the name of the first devisee or legatee and his heirs has been held to indicate the intention of substituting the latter in place of the ancestor are numerous, and, being more recent, as a general thing, and more in consonance with the words used, must be regarded as defining the most reliable rule." 1 Redfield, Wills, 486. In *Salisbury v. Petty*, 3 Hare, 86, the vice chancellor held the word "or" in this connection to mean "in case of death of." In *Girdlestone v. Doe*, 2 Sim. 225, the bequest was of an annuity, after the enjoyment of it for life by another, to James Holman "or his heirs." After the testator's death, and while the life tenant was living, Holman assigned his interest in the annuity to Girdlestone. Hol-

man died before the life tenant, and after the death of the latter Girdlestone brought suit to compel payment of the annuity to him. It was held that "or" must be construed as a disjunctive, and that, as the testator contemplated that Holman might die before the life tenant, he did not take an absolute interest in the annuity. See, also, *Gittings v. McDermott*, 2 Mylne & K. 69; *Price v. Lockley*, 6 Beav. 180; *Doody v. Higgins*, 9 Hare, App. 32; *Speakman v. Speakman*, 8 Hare, 180; *In re Craven*, 23 Beav. 333. In *Robb v. Belt*, 12 B. Mon. 643, the will provided that the widow should enjoy the use and control of the property so long as she remained unmarried, and that upon her marriage or death "the property is equally to be divided among my eight children, or their heirs legally begotten of their bodies." The court held that the word "or their bodily heirs" were to be taken as the designation of per-- sons who were to take, or as words of purchase, and were equivalent to the words, "or such decendants of any that may be dead or may then be their heirs," referring to the time of the division of the estate. It was said: "But as the testator does not say 'among my living children', but 'among my eight children,' 'or' is proper to show and does show, as to some of them, there is an alternative devise in case of their death before the time referred to, and that in that event the heirs of the bodies of the deceased are to take in place of the deceased."

In *Ebey v. Adams*, 135 Ill. 80 (25 N. E. Rep. 1013, 10 L. R. A. 162), the life estate was given to the widow, and upon her death the property directed to be sold. After providing for the payment of certain bequests, the will reads: "And the balance of the proceeds of my estate my executors are hereby directed to distribute among my children or their heirs, to wit [naming his six children], share and share alike, with this exception [payment of two $1000 each more than the others]." After reviewing the authorities, the court speaking through Shope, J., concluded: "The words 'heir'

or 'their heirs' are technically words of limitation; but in this and other cases they are used as words of purchase, and always have that operation when it sufficiently appears that the term is used to designate a particular person or particular persons who may stand in that relation at the happening of a certain event, or at a certain period, and not to the whole line of heirs in succession. No one can have heirs. while living. ·The word 'or,' therefore, as here used, indicates substitution, and the payment or distribution is to be made at a fixed period; i. e., upon the sale by the executors, after the termination of the immediate estate. It would seem clear, therefore, that the persons who are to take are such of the children as might be living at the time of the distribution, and the heirs of such as might have predeceased." See, also, *Wren v. Hynes' Adm'r*, 2 Met:. (Ky.) 129; *Clarke v. Cordis*, 4 Allen, 466; *O'Brien v. Heeney*, 2 Edw. Ch. 248; note to *Proctor v. Clark* (Mass.) 12 L. R. A. 721 (s. c. 27 N. E. Rep. 673); *Timins v. Stackhouse*, 27 Beav. 434. In *McClain v. Capper*, 98 Iowa, 145, the will provided: "'I will and bequeath to my beloved wife during the minority of my children the entire use and benefit of my real estate for the purpose of supporting and educating my children; and when my youngest child arrives at full age, I desire that the real estate (after my wife's dower interest is set off to her therein) be divided between my children, namely, Margaret Jane, Rose Ann, Oscar S., Flora E., Harvey M., John K., their heirs, or 'sur ivors of them' "; and it is held that the children took no vested interest in the land until the youngest child attained majority, and therefore a devise of her interest therein by one who died before that time passed no title thereto. See, also, *Wilhelm v. Calder*, 102 Iowa, 342.

In view of these authorities the words "or their heirs" must be regarded as words of purchase, rather than of limitation, and the intention of the testator to have been

that the heirs of the children take by substitution, rather than by descent. This conclusion is aided somewhat by the wording of the will, in which there appears no express devise to the children, but merely the statement of how and between whom the property is to be divided at the marriage or decease of the widow. Justices Deemer and McClain, however, are of the opinion that the instant case ought to be distinguished from *McClain v. Capper* for that "or survivors of them" there follows the word "heirs," and hence, in event any of the children died before 'the attainment of majority of the youngest, the remainder would have vested, not in the heirs of such child, but the heirs thereof then surviving. In their opinion the remainder should be treated as vested, as, in any event, it was cast finally upon the children and the heirs of those who might die before the life tenant. This view, as it seems to the majority, overlooks the evident design of the testator that the heirs of any child who might die before the death of the life tenant take under the will, rather than by descent. Such intention, having been clearly expressed, should be carried out. Its practical advantage to the devisee is illustrated in this action.

II. In an additional brief, appellant contends that, as F. M. Taylor had a contingent interest in the real estate, it passed under the sheriff's deed. Under our statute judgments "are liens upon the real estate owned by defendants" (section 3801, Code,) and real estate "includes lands, tenements, hereditaments, and all rights thereto and interests therein" (paragraph 8, section 48, Code.) These sections contemplate a present tangible right to or interest in the land; that is, it must be owned by the judgment defendant at the very time the lien is claimed to have attached. The evolution of the law concerning the assignability of contingent remainders need only be referred to. It is enough to say that they are now generally held assignable. *Miller*

2. WHAT estate in lands subject to execution.

*v. Emans*, 19 N. Y. 384; *Bodenhamer v. Welch*, 89 N. C. 81. The possible exception is where the uncertainty is with respect to the person. Such a transfer, it seems, will not be upheld in law, though often sustained in equity. It is not a possibility coupled with an interest. 4 Kent, Commentaries, 252. No one can be said to own it. Several may have the chance of acquiring it. Any right the remainderman may have is said to be in abeyance. Says Mr. Washburn, in his work on Real Property: "For a long time a contingent remainder was not supposed to be the subject of alienation, because it was rather the possibility of an estate, like the possibility of an heir at law, for instance, having the estate when his ancestor shall have died. But it is now settled that when the contingency upon which the remainder is to vest is not in respect to the person, but the event, when the person is ascertained who is to take if the event happens, the remainder may be granted or devised, and the grantee or devisee will come into the place of the grantor or devisor, with his chance of having the estate. But if the contingency is in the person who is to take,—as where the remainder is limited to the heirs of one now alive,— there is no one who can make an effectual grant or devise of the remainder." As the statute refers to a present interest in land, and F. M. Taylor had but the probability of acquiring it, nothing passed under the execution sale. Where the possibility is coupled with an interest, as in *White v. McPheeters*, 75 Mo. 286, a different rule may obtain. The statute of that state is as broad as our own, and, as the uncertainty was not as to whether McPheters would be the taker, but whether the life tenant would die first, the contingent remainder was found subject to the lien of the judgment. Unless he took, no remainder was provided, as the land would, under the terms of the will, in that event, go to the life tenant. The uncertainty, then, was not as to the person, but the event. The case

of *Young v. Young*, 89 Va. 675, (17 S. E. Rep. 470, 23 L. R. A. 642), is somewhat in point. There the devise was to Ann Porter Young for life, with remainder in fee to such of her issue as might be living at her death. Judgment *in rem* was obtained against one of her children, Robert W. Young, a nonresident, before the death of the life tenant, through a writ of attachment levied on the land, and the court held that this was before the remainder vested in said Young, "and while he had no interest in said property which could be subjected to a lien of attachment. In the opinion of this court, the words 'estate or debts' due him 'within the county or corporation in which the suit is', in section 1, chapter 148, Code Va. 1873, were not intended to apply to a mere possibility, such as the said R. W. Young had at the time the said attachment was sued out." See note to this case in 23 L. R. A. 642. And, where the uncertainty is as to the taker, the remainder, although an assignment of it may be enforced in equity, was held not subject to execution in *Watson v. Dood*, 68 N. C. 528, the court remarking that "it is clear that such a possibility would sell for little or nothing, as no one would bid except the holder of the first estate, for the purpose of extinguishing the limitation." See, also, 2 Freeman, Executions (3d Ed.) section 278; *Haward v. Peavey*, 128 Ill. 431 (21 N. E. Rep. 503, 15 Am St. Rep. 120); *Harrington v. Sharp*, 1 G. Greene, 131. The decisions of New York are based on statutes peculiar to that state. See *Moore v. Littel*, 41 N. Y. 66. We are inclined to the view that, where the uncertainty of a contingent remainder involves solely the question of who shall take the real estate, it is not, before vesting, the subject of levy and sale under execution.—AFFIRMED.