George Twaites, Appellant, v. Thomas Waller.

**Wills:** construction: contingent interest. Under a will providing that the income, only, from property shall be distributed among testator's children, and upon their death to go to their respective children or descendants, a granddaughter is held to take only a contingent interest which is divested by her death and is not subject to devise by her.

*Appeal from Dubuque District Court.*— Hon. M. C. Matthews, Judge.

Thursday, January 17, 1907.

SUIT in equity asking a construction of the will of Richard Waller, deceased, and praying that the plaintiff be adjudged to be entitled to a certain portion of his estate derived through the will of the plaintiff's wife. A demurrer to the petition was sustained, and the plaintiff electing to stand thereon, judgment was rendered against him for costs, and he appeals.— *Affirmed.*

*Bonson, Kenline,* and *Roedell,* for appellant.

*Hurd, Lenehan,* and *Keisel,* for appellee.

SHERWIN, J.— Richard Waller died testate in 1889, leaving a will in which his son, Robert Waller, was named as one of the beneficiaries. Mary A. Twaites was a daughter of said Robert Waller, and the wife of the plaintiff herein. She died testate after her father's death, leaving the plaintiff the sole beneficiary of her will. The will of Richard Waller devised all of his property, both real and personal, to a son and two daughters, and the survivor or survivors of them as trustees, and in trust for the uses and purposes thereinafter specified. After providing for the payment of his debts and legacies and for the distribution of certain household effects, the will provides as follows:

I hereby declare all the rest and remainder of my property, both real and personal, a trust fund to be under the control of my said trustees to be held, managed and disposed of as herein directed, and I direct that upon my death said trustees make and return to my friend, Charles H. Eighmey, a full and complete inventory of such property and themselves take possession of the real estate and lease the same . . . as they think proper, and collect and pay over the rents . . . to . . . Eighmey . . . to place in the keeping of Eighmey all moneys, notes, bonds, securities and other evidences of property; and from time to time to collect and pay over to him all the interest, dividends and profits arising therefrom as soon as received; and I hereby empower said trustees to collect, sell or exchange

any of the trust fund, real or personal, and to execute all proper receipts and conveyances therefor; but all money or other property derived from the collection, sale or exchange of any of the trust fund shall be and remain a part of said trust fund and shall be reinvested by said trustee as soon as possible. All moneys or other property that shall be received by said trustees for rents, interests, dividends and profits derived from the trust funds shall constitute and be known as the " Income Fund," and shall be disposed of as herein provided. I hereby nominate and appoint . . . Eighmey custodian of both the trust fund and the income fund herein provided for, . . . and I herein provide and direct that during the lifetime of the trust, my said trustees shall continue to collect the rents, interests, income and dividends arising from the trust property and promptly pay over the same to said custodian or his successor in office, and I hereby direct that, at the expiration of each and every three months after my death, the said custodian or his successors in office shall distribute said income fund then in his hands as follows: To my son Robert Waller one-fourth part thereof . . . . And I further provide and direct that upon the death of each, my son Robert Waller, my daughter, Mary A. Kemler, and my daughter, Sidonia Hosford, and also my grandchildren, James Robert Waller and Sidonia Cholvin, and thereafter until the termination of the trust, his or her share of the income fund shall be distributed to his of her children or descendants in same portion that each such child or descendant would reeive on the distribution of such decedent's estate under the laws of Iowa; and, if such decedent should leave no descendant, the share of such decedent shall go to the next of kin of such decedent. And I further provide and direct that, upon the death of the survivors of my three children, Robert Waller, Mary A. Kemler, and Sidonia Hosford, the trust herein provided for shall cease, and the then trustees and custodian shall distribute the trust property among the descendants of my son, Robert Waller, my deceased son, Simon Waller, my daughter, Mary A. Kemler, and my daughter, Sidonia Hosford, giving the one-fourth part thereof to the descendants of the son, Robert Waller, and a fourth each to the descendants of his other three children the same to be distributed according to the rules of law for distribution of estates of decedents.

In a codicil to the will, the testator says:

I further say that in the division of the trust fund
it is my intention that one-fourth part thereof shall go
to the children of my son Robert or their 'descendants,'
and that these beneficiaries shall take by representation as
provided by the laws of Iowa.

As we have heretofore said, Mary A. Twaites was a
daughter of Robert Waller and the wife of the plaintiff, and
she died without issue, leaving a will giving all of her prop-
erty to her husband, the plaintiff herein. Her share of the
income fund was regularly paid to her in quarterly install-
ments during her lifetime, but after her death the custodian
refused to pay her part of said share of the income fund to
the plaintiff, and he brought this suit to secure a construc-
tion of the will, permitting him to take thereunder the
share which had theretofore been paid to his wife. The
exact contention of the plaintiff is that, upon the death of
her father, Robert A. Waller, Mary A. Twaites acquired
a vested interest in the income fund, and could devise or
alienate the same as she saw fit; and that, he, being the sole
beneficiary under her will, is entitled to receive the share
which would be paid to his wife were she living. It is a
fundamental rule that the whole will must be construed to-
gether, and that the intention of the testator, as shown by
the will, must control. In the light of this well-established
rule, it is not difficult to determine the intention of the testa-
tor. It will be noticed that the will carefully and specifically
provides that the income fund shall be distributed to his
son and daughters, or to his or their children or descendants.
Hence it is that, upon the death of Robert Waller, the father
of Mary A. Twaites, the share of the income fund to which
Robert Waller was entitled during his lifetime was to be
distributed to his children or descendants and not otherwise,
except in case Robert Waller left no descendants. As we
understand the record, he left seven children, of which Mrs.

Twaites was one. It is therefore manifest that the testator did not intend to vest a present interest in any particular person upon the death of Robert , Waller. There may or may not at that time have been children living. If no children of Robert Waller were then living, but if he had grandchildren living, they would be entitled to take as descendants under the provisions of the will. Ordinarily the word " descendants " includes the issue of the body of every degree, no matter how remote, and it does not mean the next of kin or heirs generally. If this be true, we think it must certainly follow that the share of the income fund which went to Robert Waller in his lifetime must be distributed to his children or descendants so long as any remain, and that, upon the death of Mary A. Twaites, the share which she had received as one of the children of Robert Waller would be distributed to the other children or descendants of , Robert Waller as long as there were such; and the record clearly shows that such children or descendants of Robert A. Waller were in existence at the time this suit was brought. There could therefore be no vested interest in a fund to which others might become entitled upon the death of the original beneficiary.

Whatever interest Mrs. Twaites took under the will she took by virtue of being one of the children of Robert Waller, but her right to take as such child was based upon a provision, giving the share to the children or descendants; hence it is that, if there were other children or descendants at the time of her death, the share which she had been receiving must go to them under the provisions of the will; and, this being true, it is clear that the share which she took as the child of Robert Waller could not become vested in her upon his death. Furthermore, · the only interest that Mary A. Twaites ever had in the estate, or that she ever could have had, came, not through a gift of the property to her, for the will contains no words of gift, but through a direction to pay or distribute at a future time and in quarterly pay-

ments an uncertain sum that was to be derived from the income of the trust fund, and such a condition is generally held to create no more than a contingent interest. *McClain v. Capper,* 98 Iowa, 145; *Wilhelm v. Calder,* 102 Iowa, 342; 30 Am. & Eng. Enc. (2d Ed.) 771. See, also, as bearing upon the construction of this particular will: *Monarque v. Monarque,* 80 N. Y. 320; *Miller's Appeal,* 52 Pa. 113; *Rudd v. Cornell,* 171 N. Y. 115 (63 N. E. 823); *Taylor v. Taylor,* 118 Iowa, 407; *Jordan v. Hinkle,* 111 Iowa, 43. The cases relied upon by the appellant are Taylor v. Taylor, *supra;* and *Archer v. Jacobs,* 125 Iowa, 467, neither of which support his contention.

The judgment of the district court was clearly right, and it is *affirmed.*