ISRAEL THORNDIKE & others *vs.* CHARLES G. LORING, Executor, & others.

A bequest of a fund in trust to accumulate for a fixed period of more than twenty one years, and then to be paid to the testator's then next of kin, is void for remoteness.

A testator directed his executors to pay a certain sum to a trust company, to be held by it for the term of fifty years after his death, in trust to invest the principal and interest from time to time, in order that the same might accumulate for the benefit of his heirs; subject however to a provision that sums (not exceeding in any event six per cent upon the original capital) might be paid to any of his children or grandchildren who should become poor and in necessitous circumstances; and upon the further trust, at the end of the fifty years to pay the whole principal sum with its accumulations to those who would be entitled to his estate if he should then die intestate; provided that any attempt by any child or grandchild to alienate his share or right should forfeit the same to the remaining issue of the testator; and further directed that if the trust company should refuse to receive the fund on the above terms and conditions, his executors should place the same with the company on terms, conditions and agreements as near to the above as they could obtain, keeping in view his principal objects in making this bequest. The trust company being supposed to be authorized by its charter to take deposits only for a life in being, the executors deposited the fund with it upon a policy by which the interest was to be accumulated until otherwise directed, and, with the principal, payable to them upon the death of one of the testator's sons, with the understanding on the part of the executors and the company that upon his death within the fifty years, a like policy should be taken out on another life, and so on till the end of the fifty years, and the fund should then be distributed according to the will. *Held,* that the bequest was void for remoteness, and that the residuary legatees were entitled to the fund.

BILL IN EQUITY by children and residuary legatees of Israel Thorndike, who died in 1832, against the surviving executor of his will and the Massachusetts Hospital Life Insurance Company, to recover the subject of the following bequest, upon the ground that it was void for remoteness.

" I order and direct my executors to transfer and pay to the Massachusetts Hospital Life Insurance Company aforesaid twenty thousand dollars, to be held by said company for the term of fifty years after my decease, in trust that the said company shall invest the principal and interest from time to time during said term, in order that the same may accumulate for the benefit of my heirs; subject however to this provision: If any one or more of my children or of my grandchildren, after the death of his or her parent, my child, should during said term become poor and in necessitous circumstances and should need

relief, and my wife and a majority of my children then living, and after her decease a majority of my children then living, shall certify the same in writing, or if from any cause such certificate should not be produced and the actuary and president and two of the directors of said company shall be satisfied that such child or grandchild is in necessitous circumstances and needs relief, then that said company shall pay such child or children, if more than one, grandchild or grandchildren, if more than one, such sum as in their judgment shall be sufficient to relieve him, her or them : Provided that the whole sum paid to any child, or children together of a deceased child, shall never exceed four hundred dollars in any one year. And upon the further trust, that at the end and expiration of said fifty years the said company shall and do pay and transfer the whole of said principal sum and all the accumulation of interest thereon to and among my lawful issue and those who would then be my lawful heirs and entitled to my estate, if I had then died intestate, by virtue of the statute of distributions, and in the same proportions as said issue in such case would have been entitled to my estate : Provided however, if any or either of my children or grandchildren should be so improvident as to attempt to alienate, transfer or assign, his, her or their share, right or interest in said capital sum of twenty thousand dollars, such child or grandchild shall thereby forfeit all right and claim to a share of said capital and the accumulations thereon, and the said company at the expiration of said fifty years shall transfer and pay such share or shares thereof to and among my other issue in the same manner as if such child or grandchild had died without issue and intestate. And in case said company refuse to receive said twenty thousand dollars on the terms, agreements and conditions above expressed, I direct my executors to place the same with said company on terms, conditions and agreements as near to the above as they can obtain, keeping in view my principal objects in making this bequest."

The testator left three children. At the time of his death, and until very lately, no question was made as to the legality of this bequest. The executors deposited the sum given with

the said corporation upon a policy or annuity in trust, by which the interest was to be accumulated until otherwise directed, and, with the principal, was payable to them upon the decease of Israel Thorndike, Jr., one of the plaintiffs, with the understanding on the part of the executors and the corporation, that if he should die within the period of fifty years, a new policy should be taken out for another life, and so on till the fifty years should expire, when the fund was to be distributed, or that if he should survive that period, the fund should be distributed at the end of the fifty years according to the will. This arrangement was not made with any intent to alter the disposition of the principal or income directed by the will, to affect the legal rights of any persons, or with the knowledge of the residuary legatees; but because all deposits in trust made with that corporation are taken for a life in being; it being considered that, under its charter, it had only the right to take such a policy, reserving to either party the power to terminate the trust from time to time at the expiration of periods of five years. No part of the principal or income has been withdrawn, and the corporation asserts no right to retain the fund by virtue of this arrangement, if the bequest should be declared void, and the residuary legatees or any other person should be declared entitled to it. In August 1858, a demand was made upon the surviving executor, and upon the corporation, for the payment of the said sum of money and the accumulations, which was refused.

The case above stated was submitted to the decision of the court, and was argued in writing at a former term.

*F. C. Loring*, for the plaintiffs. Any limitation, whether of an inheritance, a term for years, or personal property, which will not necessarily take effect within the term of a life or lives in being at the death of the testator and twenty one years afterwards, and which is not destructible by the persons for the time being entitled to the property, subject to the future limitation, except with the concurrence of those interested under that limitation, is void, in equity as well as at law, because too remote, and tending to create a perpetuity. Lewis on Perp. 164, 169,

170. *Nightingale* v. *Burrell*, 15 Pick. 104. *Brattle Square Church* v. *Grant*, 3 Gray, 142. *Sears* v. *Russell*, 8 Gray, 86. The bequest now in question is of a certain sum, with the interest which may accumulate during the term of fifty years, at the expiration of that term to the then next of kin of the testator. This creates an estate which is not to vest for the gross term of fifty years, and is not destructible in the mean time, which may be longer than the lives of any persons living at the time of the testator's death and twenty one years in addition; and therefore falls within the rule of remoteness; for the testator, not having seen fit to take the term of a life or lives in being, could not otherwise add to the term of twenty one years. Lewis on Perp. 172. *Bull* v. *Pritchard*, 1 Russ. 213. *Cambridge* v. *Rous*, 8 Ves. 12. *Dodd* v. *Wake*, 8 Sim. 615. The bequest was not to vest until the end of fifty years, and then not in those who were his next of kin when he died, but in those who would have been if he had died at that time. The legal estate cannot meanwhile be alienated by the trustees without committing a breach of trust; and the beneficial interest cannot be alienated, because it cannot be known until the expiration of the fifty years who will be entitled to it.

A trust for accumulation, which may by its terms continue for a longer term than a life or lives in being and twenty one years afterwards, or, if no reference is made to any life in being, beyond the gross term of twenty one years, is equally prohibited by law, and wholly void. Lewis on Perp. 592. *Palmer* v. *Holford*, 4 Russ. 403. *Vawdry* v. *Geddes*, 1 Russ. & Myl. 203. *Curtis* v. *Lukin*, 5 Beav. 147. *Griffith* v. *Blunt*, 4 Beav. 252. The principal object of this bequest is declared to be accumulation for fifty years for the benefit of the testator's heirs. The direction to add the interest to the principal of the property bequeathed during that time made it void; and the subordinate provision authorizing a portion of the fund to be applied by the trustees to the relief of necessitous descendants (not in any event exceeding six per cent in any year on the original capital), even if it might possibly terminate the whole trust, does not make it good. Such descendants would embrace any born

after the testator's death. 2 Jarman on Wills (4th Am. ed.) 65 *& seq.*

Bequests to pious and charitable uses are the sole exceptions to the rule against perpetuities. The appropriation of a small portion of the income to a charitable purpose even would not save the bequest. *Durour* v. *Motteux,* 1 Ves. Sen. 321. A pro vision for the testator's own family is not a public charity. *Jones* v. *Williams,* Ambl. 651. 1 Jarman on Wills, 238, 239.

The bequest being void, the sum intended to be bequeathed is not otherwise disposed of by the will, and passes by the residuary clause to the residuary devisees. *Hayden* v. *Stoughton,* 5 Pick. 537. *James* v. *James,* 4 Paige, 117. *Van Kleeck* v. *Reformed Dutch Church,* 6 Paige, 608. *Crooke* v. *De Vandes,* 9 Ves. 197, and 11 Ves. 330. 1 Jarman on Wills, 313, note. 2 Williams on Executors (4th Amer. ed.) 895. The residuary legatees have lost no rights, and other persons have acquired none, by the lapse of time since the testator's death. If this suit had not been brought, the trustees, at the end of the fifty years, must have paid the fund to those legally entitled, who would be not the testator's heirs or next of kin, but his residuary legatees or their representatives.

*C. B. Goodrich,* for the Massachusetts Hospital Life Insurance Company. This is in legal effect a bequest to the heirs of the testator, subject to a term of fifty years, in trust, for the contingent benefit of the children and grandchildren of the testator living at his decease. The object of the testator was not accumulation for the mere purpose of withdrawing the fund from use; it was to make provision for the support of his children and grandchildren living at his decease, if their condition should require assistance. This is a legal provision, and not objectionable upon any imputation of remoteness. The provision for distribution will be construed with reference to the uses and purposes for which the term was created, and will be regarded as a direction to distribute the principal sum whensoever those purposes shall have been accomplished, that is, at the death of the survivor of such of the children and grandchildren as were living at his decease, or at the expiration

of the fifty years, as the one or the other shall first happen. The provision for accumulation for the benefit of the heirs, and the restriction against alienation by the children or grandchildren, in anticipation, of their contingent interest in the term, it is submitted cannot destroy the provision for persons living at the decease of the testator, designated by description, as effectually as they would have been if referred to by name. If the bequest to the heirs is void, because to take effect at the expiration of fifty years in favor of such persons as shall then be heirs of the testator, the bequest for the contingent use of children and grandchildren is distinct and not remote. *Read* v. *Gooding*, 21 Beav. 478. *Courtier* v. *Oram*, 21 Beav. 91. If the term is absolutely void, the bequest becomes absolute to the heirs of the testator, discharged of the term and the provisions designed to uphold it.

A trust for accumulation may be commensurate with the full compass of a valid executory devise. Limitations by way of devise or springing use may be made to depend upon an absolute term of twenty one years after any number of lives in being which may be selected. *Bengough* v. *Edridge*, 1 Sim. 173. *Cadell* v. *Palmer*, 10 Bing. 140, and 1 Cl. & Fin. 372. Hargrave on Accumulation, 41, 44, 45, 47 – 54. Upon principle, an absolute term of fifty years, which cannot exceed twenty one years and the longest life of a generation, does not exceed the privileged term during which a testator may legally direct an accumulation and the suspension of the vesting of an estate.

*C. W. Loring*, for the surviving executor. Under the power expressly given to the executors, upon the refusal of the company to receive the fund on the terms expressed in the will, to place the same with them on terms and agreements as near to them as they could obtain, the executors would have power to change the terms of accumulation if the company demanded it; and if a deposit for fifty years is illegal, the company ought to have refused, and in equity must be held to have refused, to take it for that time, and it must be considered to have been taken for twenty one years, as being the nearest to the terms of the will which could be obtained; the time alone

should be considered as changed, and in all other respects the intention of the testator substantially preserved, which was not to benefit the residuary legatees or their representatives by this bequest, but his descendants or heirs at the end of a certain period; and as the period of twenty one years has elapsed, the fund should now be ordered to be distributed among those who were heirs then and their representatives. Treating the deposit as made for a legal term in order to give effect to the testator's intent is not the exercise of so broad a power as that often exercised by a court of equity, considering land as personal property and ordering it to be sold. See *Craig* v. *Leslie,* 3 Wheat. 563; *Crabtree* v. *Bramble,* 3 Atk. 687; *Fletcher* v. *Ashburner,* 1 Bro. C. C. 497; *Burgess* v. *Wheate,* 1 W. Bl. 129.

The actual term for which the money was deposited by the executors with the company was a legal one, being for a life in being. The testator could have undoubtedly accomplished his object of leaving the property to accumulate for fifty years by naming a number of lives in being, and providing that the accumulation should go on during their lives unless they should exceed fifty years, and, if they did, terminate at the end of fifty years. The executors have done this for him, and so made the deposit legal.

*F. C. Loring,* in reply. The executors had no authority to change the testator's principal objects, first, of accumulating a fund for fifty years for his heirs at the end of that time, and, incidentally, to provide a small amount of relief for any of his descendants who might meanwhile become in want; but only to vary his details of arrangement. The testator did not suppose the bequest to be illegal, or he would not have made it He did not therefore intend to confer authority to make it legal Nothing that the executors or the company have done or may do can affect the rights of those entitled in remainder if the bequest is valid, or of the residuary legatees if it is invalid. Besides, the power was to be used only in case the company should refuse to receive the bequest upon the terms specified. This they have not done; for the case finds that it was the intent of the executors and the company to carry out the testa·

tor's directions exactly, and not to affect the rights of any persons; and that the understanding was that the deposit should be actually for fifty years, although nominally for a life, from a supposition that their charter required it—which would seem to have been a mistake, inasmuch as they are not only empowered " to make insurances on lives," but " to contract for reversionary payments, and generally to make all kinds of contracts in which the casualties of life and interest of money are principally involved." *St.* 1817, *c.* 180, § 6. The statement in the policy that the deposit is for a single life might perhaps conclude the company, but cannot estop other persons interested in the fund and not parties to this arrangement, from showing that it was really made for the term of fifty years. If the nominal fact is to be regarded, and the actual intent left out of sight, the executors had no authority to make the deposit for one life, and, not intending to do it, are not at liberty to insist that they did. Neither the executors nor the court can make a new will for the testator or divest the rights which vested in the residuary legatees upon his death.

SHAW, C. J.* The gift to trustees was void for remoteness. Whether the trust vested in the Life Insurance Company or in the trustees named, in either case it was not to vest until fifty years absolutely. It was illegal in its origin. The ·deposit actually made by the executors with the life office did not make it good. This gift being void in law, the gift by the residuary clause takes effect, and the residuary legatees are entitled to distribution.                    *Decree accordingly.*

---

* Printed from the memorandum of the chief justice, who died before writing out a full opinion.