TODHUNTER & WILLIAMSON v. THE D. M., I. & M. R. Co.
ET AL.

1. **Perpetuities:** LEASE FOR 999 YEARS: NOT PROHIBITED. The lease
of a railroad for 999 years, with an annual rent reserved from the gross
earnings, which does not preclude the lessor from disposing of the fee
title, nor prevent the lessee from selling or assigning the lease, nor pro-
hibit the lessor and lessee, by uniting therein, from conveying both the
fee and the leasehold interest, is not within the statute, section 1920,
Code, prohibiting perpetuities.

*Appeal from Polk Circuit Court.*

FRIDAY, APRIL 21.

THIS is a proceeding by garnishment against the C., R. I.
& P. R. Co., garnishee in an action wherein plaintiffs recov-
ered judgment against the defendant, the D. M., I. & M.
R. Co. A judgment was rendered against the garnishee, the
C., R. I. & P. R. Co. The garnishee and the defendant unite
in the appeal.

*Wright & Wright*, for appellants.

*Philips, Goode & Philips*, for appellee.

ROTHROCK, J.—I. The plaintiffs recovered a judgment
against the Des Moines, Indianola & Missouri Railroad
Company, and caused the Chicago, Rock Island & Pacific
Railroad Company to be garnisheed as the debtor of de-
fendant. The garnishee answered, denying indebtedness to
defendant, and showing that it has in its possession, and
under its control the railroad owned by defendant, which it
operates under a lease for the term of nine hundred and
ninety-nine years; that, by the terms of the lease, the gar-
nishee is bound in payment of rent, to apply thirty per centum
of the gross earnings of the road in payment of the annual

interest accruing upon the bonds of defendant, and that the thirty per centum of the gross earnings has not been, and is not, sufficient to pay the interest due, but it is in excess of the rent reserved by the lease.

The answer of the garnishee was denied by the plaintiffs, and the issues thus raised were submitted to a jury and a verdict was rendered for plaintiffs.

II.   The Circuit Court, in ruling upon the admission of evidence, and in instructions given to the jury, held that the lease is void under the laws of this State, and is not binding upon the parties, and that their rights are the same as if the lease had never been made.   This ruling upon the law presents the only question necessary to be determined to dispose of the case.   The provision of law, under which it was held the lease was void, is found in section 1920 of the Code, and is as follows:

1. PERPETUI-
TIES : lease:
not prohib-
ited.

" Every disposition of property is void which suspends the absolute power of controlling the same for a longer period than during the lives of persons then in being and for twenty-one years thereafter."

This is the provision made in this State against perpetuities.   It is not essentially different from that which has long been the law in England, and which originated out of regard to the welfare of future generations by promoting the circulation of the property of the kingdom, and to control the desire of individuals to keep up their name and memory by perpetual entails.   "In England, any limitation tending to take the subject of it out of commerce for a longer period than a life or lives in being, and twenty-one years beyond, and in case of a posthumous child, a few months more, allowing for the time of gestation," is a perpetuity.   Randall on Perpetuities, 48.   In this State the time is limited to the lives of persons in being and twenty-one years thereafter.

In construing the section of the statute under consideration, the court below must have thought the suspension of the power of control had reference to the grantor, disposer,

devisor or lessor alone, without reference to the power of control by the grantee, devisee or lessee. A disposition of property, within the meaning of this statute, is parting with it, transferring it to another, either by deed, or will, or lease. Now, if in so doing, the grantee or devisee is precluded, by the instrument by which he takes the property, from conveying it to another, or, in other words, in the language of the statute, from " the absolute power of controlling the same " for a longer period than the time limited by law, the disposition is void.

The object of the statute is to prevent property from being taken out of commerce, and prevent it from being held without the power of alienation beyond the prescribed period. A perpetuity is said to be " such a limitation of property as renders it unalienable beyond the period allowed by law." Bouvier's Law Dict., Vol. 2, 326. In *Kattergood v. Edge*, 1 Salk, 229, a perpetuity is defined to be an estate " unalienable though all mankind joined in the conveyance." In *Washburne v. Downes*, 1 Cha. Ca., 23, it is is said " a perpetuity is where if all that have interest join, yet they cannot bar or pass the title." Applying these rules to the lease in question, it is very clear that it is not within the statute prohibiting perpetuities. There is no provision of the lease which precludes the lessor from disposing of the fee title to the property, and the lessee is in no manner limited or hindered from selling and assigning the lease, and, by uniting in a conveyance, the lessor and lessee may freely and without restraint convey both the fee and the leasehold interest.

In our opinion the court erred in holding that the lease is void upon its face as being prohibited by law.

REVERSED.