Filed Feb. 27, 1891.

---

No. 14,867.

### JACKSON *v.* JACKSON ET AL.

DEED.—*Construction.*—*Life-Estate and Remainder.*—*Rule in Shelley's Case.*— The grantor conveyed to the grantee by deed certain real estate, " for life, and after his death to the then living children of his body ; " a right to a living off the real estate was reserved to the grantor, it being expressly understood that " the grantee is to have no greater interest than a life-estate, and that at his death said tract shall go to the children of his body then living."

*Held*, that the rule in Shelley's Case does not apply, and that the grantee took only a life-estate, and that the children, who were living at the time of the making of the deed, and at the death of the grantor, took the fee.

From the Hendricks Circuit Court.

*L. M. Campbell*, for appellant.

*J. L. Clark* and *G. A. McQuown*, for appellees.

OLDS, C. J.—On March 12th, 1885, one Ursula Jackson was the owner of certain real estate described in the complaint and in the deed therein set out. The ap-

pellant, Elihu M. Jackson, had certain children of his body then living, and on said date the said Ursula Jackson executed a deed for said lands, of which the following is a copy:

" This indenture witnesseth, that Ursula Jackson, who has no husband, of Hendricks county, in the State of Indiana, convey and warrant to Elihu E. Jackson for life, and, after his death, to the then living children of his body, of Hendricks county, in the State of Indiana, for the sum of natural love and affection and ten dollars, the following real estate in Hendricks county, in the State of Indiana, to wit: A part of the east half of the southeast quarter of section seven (7), in township fourteen (14) north, of range one (1) west, and bounded and described as follows, to wit: Beginning thirty-one (31) rods north of the southeast corner of said east half; thence running north with section bearing sixty-eight and forty-eight hundredths (68.48) rods; thence west with section bearing eighty and eighty-four hundredths (80.84) rods, to the west line of said east half; thence south on said line, sixty-eight and forty-eight hundredths (68.48) rods; thence east, eighty and eighty-four hundredths (80.84) rods, to the place of beginning, estimated to contain thirty-four acres, more or less. And the grantor hereby reserves the right to her living off the above described real estate during her natural life. And it is expressly understood that said Elihu E. Jackson, the grantee, is to have no greater interest than a life-estate, and that at his death said tract shall go to the children of his body then living. In witness whereof, the said Ursula Jackson has hereunto set her hand and seal, this twelfth day of March, 1885.                                      her

" URSULA  X  JACKSON."

mark.

Ursula Jackson is dead, and the appellant brings this suit to quiet title, alleging the facts in the complaint, and making his children parties defendant. The appellees demurred to

the complaint. The court sustained the demurrer; exceptions were entered, and this appeal is prosecuted, and the ruling on the demurrer is assigned as error. This presents the only question in the case.

The question for decision is as to whether the children of the appellant, who were living at the time of the making of the deed, and at the death of the grantor, took the fee in the land, or whether the case is governed by the rule in Shelley's Case, and the appellant took the fee by the deed. That the children took the fee, we think there can be but little doubt. They were then in being; they were capable of taking, and we think the deed as completely vested the title in them as if they had been named in the deed. There is no room for doubt as to the intention of the grantor; the language used is too plain to admit of a construction to give to the appellant a fee in the land.

The case of *Sorden* v. *Gatewood*, 1 Ind. 107, is very nearly analogous. In that case one John Higbee, being seized in fee simple of a tract of land, conveyed it, for a consideration, by deed to one Sarah Gatewood during her natural life, and to her children and their assigns forever to have and to hold the said tract of land, to the said Sarah during her natural life, and to her children and their assigns forever. In that case the court says: "There being no words of inheritance in the conveyance described in the replication, and those used, ' her children,' being words of purchase and not of limitation, the rule in Shelley's Case does not apply, and a fee simple was not vested in Sarah Gatewood. She took an estate for life, and her children a vested remainder, whether for life or in fee, it is immaterial now to inquire."

We think the only fair construction which can be placed upon the language used in the deed is, that the grantor intended to part with all her interest in the land except the retaining her living off it, and that she intended only to give to the appellant a life-estate and vest the remainder in the children of the appellant, and the fee vested in the chil-

dren of the appellant at the time of the execution of the deed. It does not appear that any children were born to the appellant after the execution of the deed, or that any living at that time have died, and no question is presented as to the rights of the survivors or those born after the execution of the deed.

There are no such words of inheritance used in this deed as to bring it within the rule in Shelley's Case, and give to the grantee named a fee simple, as contended on the part of the appellant. The words " children of his body " are used as words descriptive of a class who are to take the fee. See *Fountain County Coal, etc., Co.* v. *Beckleheimer*, 102 Ind. 76; *Andrews* v. *Spurlin*, 35 Ind. 262; *Doe* v. *Jackman*, 5 Ind. 283; *Owen* v. *Cooper*, 46 Ind. 524; *Shimer* v. *Mann*, 99 Ind. 190.

The court did not err in sustaining the demurrer to the complaint.

Judgment affirmed, with costs.

