ANDREW J. BANCROFT, trustee, *vs.* ANDREW L. FITCH
& others.

Worcester.   September 30, 1895. — October 17, 1895.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Disposition of Vested Remainder.*

A testator by his will gave the residue of his estate in trust for his son F., and provided that "anything remaining at his decease shall be equally divided among my three daughters." One of the daughters, B., died after the death of the testator, and F., the life tenant, died after the death of B. *Held,* that the remainder was vested, and that it should be distributed, one third each to the daughters, the third which would have gone to B. if living to go to her legal representatives so far as it was personal property, and to her heirs by the statute so far as it was real estate.

PETITION to the judge of probate of the county of Worcester, by the trustee under the will of Sophronia W. Fitch, to obtain the instructions of the court as to its construction.   From the judge's decree, which appears in the opinion, Louisa M. Brigham and Harriet L. Wheeler appealed.   Hearing before *Field,* C. J., who reserved the case for the determination of the full court. The material facts appear in the opinion.

*W. S. B. Hopkins & F. B. Smith,* (*C. G. Bancroft* with them,) for the appellants.

*H. F. Harris & C. M. Thayer,* for Bradbury M. Bailey.

BARKER, J.   The testatrix died in the year 1884, leaving three daughters, Louisa M. Brigham, Harriet L. Wheeler, and Helen S. Bailey, the wife of Bradbury M. Bailey, and two sons, Francis G. Fitch and Andrew L. Fitch.   Helen Bailey has died since the death of the testatrix, and Francis G. Fitch has died since the death of Helen S. Bailey.   After making several bequests not now material, the testatrix disposed of the residue of her property in these terms: " I give, devise, and bequeath to my son Francis G. Fitch all the rest of my property that I die possessed of, both real and personal.   The same to be held in trust by my said daughter Helen and her husband, Bradbury M. Bailey, for the support and maintenance of the said Francis G. Fitch, anything remaining at his decease shall be equally divided

among my three daughters." The decree appealed from ordered that the trust property not used for the support and maintenance of Francis G. Fitch should be distributed, one third each to the daughters, Louisa M. Brigham and Harriet L. Wheeler, and one third to the legal representatives of the deceased daughter, Helen S. Bailey.

The decree was right. The amount of the fund which might ultimately pass to the daughters of the testatrix was wholly uncertain, but such an uncertainty does not prevent the vesting of the right to share in the distribution. That the testatrix did not intend to treat her daughters as a class, the survivors only of which should share in the distribution, is evident not only from the words used, "shall be equally divided among my three daughters," which under the circumstances are equivalent to naming them, but also from the absence of any further disposition of the fund in case none of her daughters should survive the son for whose support the fund was first given.

We assume that the decree dealt only with personalty. If any portion of this residue was realty, the interest of Helen S. Bailey in it would of course go to her heirs by the statute.

*Decree of Probate Court affirmed.*