## Kountz's Estate (No. 1).

*Will—Trusts and trustees—Devise—Perpetuities—Violation of rule against perpetuities—Vested and contingent interests.*

Testatrix after making certain bequests directed as follows: "The rest of my estate I give to my husband in trust for my children and grandchildren." Numerous active duties were given to the trustee, together with very extensive discretionary powers. The income was devised to the immediate children for life, and at their death to their spouses for life. In case any child died without leaving either spouse or issue, its share of the income was to go to the surviving coheirs. Testatrix then continued as follows: "After the decease of the last of my immediate children and the lapse of ten years from the date when my youngest grandchild shall become of age, the principal of the whole estate shall be equally divided among my grandchildren." *Held*, (1) that the estate in the grandchildren was a contingent remainder; (2) that the period fixed by the will for the gift to the grandchildren to take effect was too remote, and that the will violated the rule against perpetuities; (3) that as the gift to the grandchildren failed, the antecedent particular estate also failed, and the property covered by the trust passed to the heirs at law under the intestate laws.

Where a gift is only implied from a direction to pay it is necessarily inseparable from the direction, and must partake of its quality; insomuch that if the one is future and contingent, so must the other be.

A vested remainder is an estate to take effect after another estate, for years, for life, or in tail, which is so limited that if the particular estate were to expire or end in any way at the present time, some certain person would become thereupon entitled to the immediate enjoyment.

Argued Oct. 26, 1905. Appeals, Nos. 107, 108, 109 and 110, Oct. T., 1905, by Caroline B. Jones et al., from decree of O. C. Allegheny Co., Sept. T., 1904, No. 346, dismissing exceptions to adjudication in Estate of Peninah W. Kountz, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Exceptions to adjudication.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was the decree of the court.

*George B. Gordon* of *Dalzell, Scott & Gordon*, with him *R. H. Hawkins*, for appellant.—The estate in the grandchildren is not a vested one : McBride v. Smyth, 54 Pa. 245 ; Pleasonton's App., 99 Pa. 362 ; Cascaden's Estate, 153 Pa. 170 ; Johnston's Est., 185 Pa. 179 ; Raleigh's Estate, 206 Pa. 451 ; Gerber's Estate, 196 Pa. 366 ; Palmer v. Holford, 4 Russ. 403 ; Bull v. Pritchard, 5 Hare, 567 ; Dodd v. Wake, 8 Simons, 615.

The will creates a perpetuity : Knowle's Est., 208 Pa. 219 ; Hillyard v. Miller, 10 Pa. 326 ; Penna. Co. v. Price, 7 Phila. 465 ; Schuknecht v. Schultz, 212 Ill. 43 (72 N. E. Repr. 37).

No portion of the trust is valid : Eldred v. Meek, 183 Ill. 26 (55 N. E. Rep. 536) ; Gerber's Estate, 196 Pa. 366 ; Penna. Co. v. Price, 7 Phila. 465 ; Hillyard v. Miller, 10 Pa. 326.

*William H. McClung*, with him *Thomas D. Chantler* and *William M. McGill*, for appellee.—If the gift to the grandchildren vests in them absolutely at the date of the death of the last surviving child of the testatrix, the bequest does not offend the rule against perpetuities : McClure's App., 72 Pa. 414 ; Ross v. Drake, 37 Pa. 373 ; Minnig v. Batdroff, 5 Pa. 503 ; Carstensen's Est., 196 Pa. 325 ; Safe Deposit & Trust Co. v. Wood, 201 Pa. 420.

The grandchildren take a vested estate in remainder ; the void provision as to the time of distribution does not vitiate the antecedent gift : Phila. v. Girard's Heirs, 45 Pa. 9.

OPINION BY MR. JUSTICE POTTER, January 2, 1906 :

The question in this case is whether the trust created by the will of testatrix violates the rule against perpetuities.

Mrs. Peninah W. Kountz died in November, 1899, survived by her husband, W. J. Kountz, and five children. A sixth child, W. J. Kountz, Jr., died three months before his mother. By her will, dated January 8, 1898, Mrs. Kountz appointed

her husband, William J. Kountz, executor and devised and bequeathed her residuary estate, as follows :

" Fifth : The rest of my estate I give to my husband in trust for my children and grandchildren.

" Sixth : He shall manage my real estate to the best advantage according to his judgment. For that purpose he may lease or sell all or part thereof, and invest the proceeds as he may consider best. Under no construction of this will shall purchasers be required to see to the application of the proceeds.

" Seventh : He shall keep my stocks, bonds, money and the rest of my personal property invested in safe securities so as to yield a regular periodical income. The whole income from the real and personal property (less such reasonable expenses and charges, if any for management, as said executor may choose to withhold) shall be divided as follows :

" 1. While all my said children continue to live each shall have one-sixth of the aggregate net income, unless in the discretion of my said executor any one should receive either more or less than the one-sixth.

" 2. Should any of my said children die leaving children, but no husband or wife, as the case may be, that parent's share of the income shall go to his or her children, in equal parts.

" 3. Should any one leave a husband or a wife, but no child such husband or wife shall have his or her spouse's share of the income for life, provided that he or she ' has always had and maintained a good character and does not marry again ; ' in case of marriage ' or proof of bad character ' his or her right shall immediately cease.

" 4. Should any one leave a husband or a wife and children, the deceased parent's share of the income shall be given to the surviving parent for the use of the survivor and children.

" 5. Should any one die without leaving a spouse or a child that one's interest in the income and principal shall go to the surviving co-heirs, the children of any deceased heir to take such heir's portion.

" 6. After the decease of the last of my immediate children and the lapse of ten years from the date when my youngest grandchild shall have become of age, the principal of the whole estate shall be equally divided among my grandchildren."

Other clauses of the will conferred additional and very extensive discretionary powers upon the trustee.

The court below held that in the will an antecedent gift was made to the grandchildren as a class, under which such of them who were in existence at the death of the testatrix took immediately a vested interest, subject to opening, to let in after-born members of the same class. In his opinion the subsequent provision postponing the time of distribution of the principal of the estate until ten years from the date when the youngest grandchild shall have become of age, was not of the substance of the gift, and while the provision for this postponement was undoubtedly void, yet, in his opinion, it did not vitiate the gift, which, it was held, was already complete in the grandchildren.

The appellants contend that the conclusions thus reached by the court below are incorrect, and maintain that as under the will the distribution of the corpus among the grandchildren is not to take place until ten years after the youngest child has become of age, (a period beyond a life or lives in being, and twenty-one years and a fraction thereafter) no interest or estate will vest in the grandchildren until that period arrives. And, further, that the trust cannot stand because a part violates the rule against perpetuities, and the whole must therefore fall, and the estate be distributed to the next of kin, under the intestate laws.

The pivotal fact, then, upon which this case turns, is whether under the terms of the will, the estate in the grandchildren is vested or is contingent. In the first place, it is apparent that the testatrix intended to vest the estate in trust in her husband, and in him alone, for the benefit of her children and grandchildren, and in certain contingencies for the benefit of the spouses of deceased children. Beyond doubt also the trust was active, or special, for the trustee had numerous duties to perform. He was to manage the real estate in accordance with his judgment. He could sell or lease all of it, or any part thereof, and invest the proceeds as he saw fit. He was to keep the personal estate invested in safe securities, and distribute the income. He had power to preserve the estate or to dispose of it in whole or in part to the children, either in his lifetime or by his will. The power given to the

trustee is so broad that he was at liberty to free the corpus of the estate partially or wholly from the trust and bestow it upon the immediate children for their own use. In fact he did exercise this power in so far as the stocks and bonds and personalty were concerned. The court below recognized and sustained this right in the trustee, as is shown by the second opinion filed in this case, wherein it is said : " The will of Peninah Kountz conferred upon her husband very large powers over her estate . . . . the whole estate was vested in him in trust for their children and grandchildren . . . . in addition and far more extensive were her directions in the eighth and ninth clauses. These reposed entire confidence in his judgment, and a power in effect unlimited to do as he saw fit with her estate, either in his lifetime or by his will." And further on, " The authority to give outright to their children by her will is not limited to her executor's lifetime ; coupled with it was the distinct authority to do additional things either in his lifetime or after his death ; he not only was authorized to modify her dispositions, but in connection therewith he was empowered to make other and different gifts. They are not equivalent expressions ; but were intended not only to enable him to limit or enlarge the estate she had given, but to make entirely new dispositions thereof. He was to be the judge of what was the best for their descendants ; in the exercise of that judgment he saw fit to give absolutely to their children, . . . . the present benefit of the whole of the personal estate."

But, coming to the vital point in the case, was the estate in the grandchildren a vested remainder ? The fifth paragraph of the will is as follows : " The rest of my estate I give to my husband in trust for my children and grandchildren." The court below construed this as being in itself a distinct and substantive gift to the grandchildren as a class and as making a complete devise to them. We cannot so regard it. It seems to us that the important element, and the significant feature of the clause, is its vesting of the estate in the trustee. Mention of the fact that it was for the benefit of the children and grandchildren, was only incident to the creation of the trust whose terms and conditions were yet to be defined. It was as if she had said, I give the rest of my estate to my husband in trust for the purposes and to be administered upon the condi-

tions hereinafter set forth. Nothing is determined or defined in this paragraph of the will as to the extent or quality of the estate which the children or the grandchildren were to have. If we were to regard this as the substantive portion of the gift, we would be without any hint of the scheme which the testatrix had clearly in mind, and which she outlined so definitely in the various clauses of the succeeding paragraph of her will.

It is not until we come to the sixth clause of paragraph seven, that we find the real intent of the testatrix expressed, with regard to the corpus of the estate, and there we find that it is to be divided among her grandchildren, after the decease of the last of her immediate children, and the lapse of ten years from the date when her youngest grandchild shall have become of age. Even here there is no direct and explicit gift of the principal; it is only implied from the direction to divide. Chief Justice GIBSON said in Moore v. Smith, 9 Watts, 403: "Where a gift is only implied from a direction to pay, it is necessarily inseparable from the direction, and must partake of its quality; insomuch that if the one is future and contingent, so must the other be." And in Smith on Executory Interests, sec. 314, it is said: "Where there is no gift but in a direction to pay or transfer or divide among several persons at a future period, though the future period is annexed to the payment, possession or enjoyment, yet it is also annexed to the devise or bequest itself. For, in this case, the direction to pay or transfer or divide, constitutes the devise or bequest itself; and, therefore, the vesting in interest is postponed, and not merely the vesting in possession or enjoyment."

We must note, then, that the corpus of the estate is devised to and vested in the husband as trustee. No grandchild takes anything until its father and mother are both dead. The income is devised to the immediate children for life, and at their death to their spouses for life, and it is not until the death of both the child and the spouse, that any of the income goes to a grandchild. And in such case the grandchild takes only such portion of the income as would have gone to the parents. In case any child died without leaving either spouse or issue, its share of the income was to go to the surviving coheirs. The intent of the testatrix is plain, that her children should have no control over the estate, and that her grandchildren should

have no control until all her children had died, and ten years had elapsed after her youngest grandchild arrived at lawful age. It will be noticed, too, that the gifts of income to the grandchildren of testatrix are not in the same proportions as the gifts of the principal. They take only such shares of the income as their respective parents received. The income is therefore to be divided among them per stirpes. The parents were to receive one-sixth each of the net income, though this proportion was subject to variation at the discretion of the trustee. But when the distribution of principal is reached, it is to be equally divided among all the grandchildren, that is, per capita.

It will be noticed that we do not have here the case of income and principal to be paid to the same person in the same right. The testator has not given the principal to be paid at a future time, with income or maintenance in the meantime. On the contrary, there are distinct gifts of the income to the children and of the principal to the grandchildren.

In Spencer v. Wilson, L. R. 16 Eq. 501, and the following cases there cited, Batsford v. Kebbell, 3 Ves. 363; Leake v. Robinson, 2 Mer. 363; Vawdry v. Geddes, 1 Russ. & My. 203; Watson v. Hayes, 5 My. & Cr. 125; Peek's Trusts, L. R. 16 Eq. 221, it was held that where there are separate gifts of the income and the capital of the estate, the latter does not vest until the period of distribution. The application of this test to the present case would determine the interest of the grandchildren as contingent. But, in any event, the remainder in the grandchildren could only be deemed vested in case they had the right to immediate possession whenever and however the preceding estate determined. A concise rule is found in Tiffany on the Modern Law of Real Property, sec. 120 (b) as follows: " It is frequently stated that the capacity of a remainder to take effect immediately in possession, if the particular estate were to terminate, is the criterion of a vested as distinguished from a contingent remainder."

In the authorities cited by the author in support of this proposition we find the following: " It is not the uncertainty of ever taking effect in possession that makes a remainder contingent; for to that, every remainder for life or in tail is and must be liable; as the remainderman may die, or die without

issue before the death of the tenant for life. The present capacity of taking effect in possession, if the possession were to become vacant, and not the certainty that the possession will become vacant before the estate limited in remainder determines, universally distinguishes a vested remainder from one that is contingent:" Fearne on Contingent Remainder, 216.

"As distinguished from a vested remainder, a contingent remainder is an estate in remainder which is not ready, from its commencement to its end, to come into possession at any moment when the prior estates may happen to determine:" Williams on Real Property, *267.

"It is the uncertainty of the right of enjoyment, and not the uncertainty of its actual enjoyment, which renders a remainder contingent. The present capacity of taking effect in possession—if the possession were to become vacant—distinguishes a vested from a contingent remainder, and not the certainty that the possession will ever become vacant while the remainder continues." Quoted from 4 Kent's Comm. *203, note (a) in Doe, Lessee of Poor, v. Considine, 73 U. S. 458, 476.

"A vested remainder is one by which a present interest passes to the party, though to be enjoyed in future, and by which the estate is fixed to remain to a determinate person after the particular estate is spent. He has an immediate fixed right of future enjoyment. A remainder is contingent when it is limited to take effect on an event which may never happen till after the preceding particular estate ends, or is limited to a person not in being or not ascertained. . . . It is the present capacity of taking effect in possession, if the possession were to become vacant, not the certainty that it ever will become vacant while the remainder continues, which distinguishes a vested from a contingent remainder. In other words, in the former the enjoyment is uncertain; in the latter the right to that enjoyment:" Williamson v. Field, 2 Sandf. Ch. (N. Y.) 533, 552.

"A vested remainder is one that takes effect in interest and right immediately on the death of the testator, although it may not take effect, indeed, if it be a remainder, it cannot take effect, in possession and enjoyment, until the death of the devisee for life, or other determination of the particular estate. . . . A present capacity of taking effect in possession, if the posses-

sion were to become vacant before the estate limited in remainder determines, universally distinguishes a vested remainder from one that is contingent. In general, the law favors that construction which holds a remainder vested, rather than that which considers it contingent, when the question is doubtful." This is from the opinion of Chief Justice SHAW, in Brown v. Lawrence, 57 Mass. 390, 397.

"A remainder is contingent when it is limited to take effect on an event which may never happen, or which may not happen until after the preceding particular estate ends, or is limited to a person not in esse or not ascertained. A present capacity of taking effect in possession, if the possession become vacant, and not the certainty that the possession will become vacant before the estate limited in remainder determines, universally distinguishes a vested remainder from one that is contingent. In other words, in the former the enjoyment is uncertain, in the latter the right to that enjoyment is uncertain." 1 Boone on Real Property (2d ed.), sec. 173.

In addition to these authorities, we find the following from Mitchell on Real Estate & Conveyancing in Penna. 227 : " A vested remainder is an estate to take effect after another estate, for years, for life, or in tail, which is so limited that if the particular estate were to expire or end in any way at the present time some certain person would become thereupon entitled to the immediate enjoyment."

In the present case the particular estate is the life estate of the immediate children of testatrix. If this estate were to terminate immediately, would the remainder in the grandchildren take effect immediately ? Clearly not, by reason of the limitation to that future date, ten years from the time when the youngest grandchild shall have become of age. The remainder in the grandchildren is subject to this condition precedent, that it is only after the death of the last of the immediate children and the lapse of ten years from the date when the youngest grandchild shall have become of age, that the remainder to the grandchildren can take effect in possession. As a result, then, of this test, we must conclude that the estate in the grandchildren is a contingent remainder. The bequest is to the grandchildren as a class, living at a certain time, that is, after the death of the last of the children and ten years after the

youngest grandchild shall have become of age.   The existence
of a particular grandchild at that future date is a condition
precedent to his right to participate in the division of the corpus
of the estate.   To hold that the interest of the grandchildren
vested, would be to give to them an estate which would be
transmissible or alienable during the continuance of the particu-
lar estate.   We cannot find any such intent in the will.   On
the contrary, it seems clear to us that the chief purpose of the
testatrix was to tie up the estate and place it beyond the power
of either children or grandchildren, to interfere with the dis-
tribution she purposed to have made after the death of all her
children, and ten years after the date when her youngest grand-
child should become of age.   This period was too remote, and
the gift made to take effect at that time is void under the
rule against perpetuities.   That being the case, the antecedent
particular estate would fail also and the heirs at law of the tes-
tatrix are entitled to immediate possession: Johnston's Estate,
185 Pa. 179; Gerber's Estate, 196 Pa. 366.

The assignments of error are all sustained and the decree of
the orphans' court is reversed.