# CHARLESTON

Starcher Bros. v. J. F. Duty *et al.*

Submitted September 15, 1906.      Decided February 19, 1907.

1. Perpetuities—*Suspension of Alienation—Real Property.*

An option contract for the purchase of land, providing for its extension for a second year on payment of a stipulated sum by the optionees, and containing a provision that the optionees "may have this option and agreement extended upon the payment of said sum annually as aforesaid," and extending its provisions to the heirs, assigns, executors and administrators of both parties, is void by the Rule against Perpetuities.  (p. 371.)

2. Courts—*Rules of Decisions—Previous Decisions.*

The points adjudicated and the principles announced in the case of *Starcher Bros.* v. *Jeff Duty and others,* decided at this term, apply to this case.  (p. 372.)

Appeal from Circuit Court, Lincoln County.

Action by Starcher Bros. against J. F. Duty and others. From a judgment in favor of defendants, plaintiffs appeal.

*Affirmed.*

Chas. E. Hogg and Walter Pendleton, for appellants.

Wyatt & Graham, for appellees.

Miller, Judge:

This case is ruled by the same principles and is controlled by substantially the same state of facts as are involved in the case of the same plaintiffs against Jeff Duty and others, decided at the present term of Court.    The suit is by the same plaintiffs against J. F. Duty and others, brought to specifically execute an option contract for the purchase of a tract of land belonging to J. F. Duty in Lincoln county, containing 200 acres, and was made and partially executed on the same day the plaintiffs made their contract with Jeff Duty, a brother of J. F. Duty.

The evidence shows that the contract was prepared by one Bee, upon printed blanks provided by the plaintiffs.    It was first signed by Clarinda, the wife of J. F. Duty, but with the understanding that it was not to be delivered until the contract was seen by and read to her husband, J. F. Duty.    J. F. Duty and his brother, Jeff Duty, were together when they agreed

upon the terms of the option contracts they were to execute to the plaintiffs. When Bee, the agent of the plaintiffs, subsequently saw J. F. Duty to procure his signature and acknowledgment to the contract and the contract was read to him, he refused to sign it, for the reason that it gave to the plaintiffs the right to purchase the property after two years from its date. The contract, as originally prepared, contained the same clause as was contained in the contract of Jeff Duty, namely: "And said Starcher Brothers may have this option and agreement so extended from year to year upon the payment of said sum annually as aforesaid." When the contract with this provision was read to J. F. Duty he objected to it. Finally, after seeing C. W. Starcher, a member of the firm of Starcher Bros., the words from "year to year" were stricken out of the contract, leaving the provision read: "And said Starcher Brothers may have this option and agreement extended upon the payment of said sum annually as aforesaid;" and it was explained to Duty by Starcher that the contract, as thus amended, gave Starcher Bros. the option to purchase only for the period of two years.

The plaintiffs did not elect to take the land within the first year nor within the second year after its date. They paid to J. F. Duty the stipulated sum on or about the 5th day of April, 1903, in order to extend the contract for the period of another year; and on or before the 5th day of April, 1904, they deposited to Duty's credit in the Huntington National Bank the stipulated sum for the purpose of extending the contract for the period of another year, but Duty refused to accept this money, claiming that the option had expired on the 5th day of April, 1904. The plaintiffs in their bill in this case, notwithstanding the modification made in the contract by striking out the words "from year to year," claim that the effect of the contract as modified and executed was to give them, their heirs, assigns, executors and administrators the right of annual renewals for an indefinite period, and, having made payment into bank prior to April, 1904, the contract was thereby extended to April 5, 1905, and, having given notice to J. F. Duty in March, 1905, of their purpose to take the land under the terms of the contract, they are entitled to specific execution thereof.

The other facts relied upon by the parties are substantially the same as those in the case of the same plaintiffs against Jeff Duty and others. The pleadings are substantially the same. The testimony of the same witnesses was taken in support of the respective contentions of the parties.

In our opinion, the provision of the contract in this case as so modified, that the optionees (said Starcher Bros.) "may have this option and agreement extended upon the payment of said sum annually as aforesaid," and which provision of the contract is made to extend and apply to the heirs, assigns, executors and administrators of both parties thereto, gives to the optionees a present right to an interest in the land which may arise at a period beyond the legal limit, so as to bring it within the Rule against Perpetuities, and that the contract is therefore void and unenforceable. This case is in other respects controlled by the same principles announced in the case of Starcher Bros. against Jeff Duty and others, above referred to.

We therefore affirm the judgment of the court below, with costs to the appellees.

*Affirmed.*