FRED WOODARD et al., Appellants, v. EARL WOODARD et al., Appellees.

REMAINDERS: Bequests Implied from Mere Direction to Pay. The
1     principle sometimes applied, that a remainder is *contingent,* when the bequest is in trust, and is simply implied from a naked direction in the will to pay to the legatee, at a named future time, a certain amount of money, does not apply when the testator has, in a separate and comprehensive interpreting clause, employed words of direct gift to such remainderman: and especially is this true (a) when it is doubtful whether testator intended the remainder to be vested or contingent, and (b) when the bequest is to a direct descendant.

REMAINDERS: Withholding Use and Possession. A remainder is not *contingent* simply because the use, enjoyment, and possession of the property are withheld from the remainderman for a period longer than the lives of persons then in being, and 21 years thereafter. (See Sec. 2901, Code, 1897.)

REMAINDERS: Uncertain Remaindermen. A bequest for life, and in equal shares, to testator's four named grandchildren (three of whom, at the time of the execution of the will, had children living), with remainder of each share to the children of the life holder of such share, living at the time of the death of such life holder, does not create a contingent remainder because of the fact that testator could not know, when the will was executed, *what great-grandchildren would be living when the time for the payment of the remainder arrived.*

WILLS: Opening Vested Estates to Let in After-Born Children. A remainder which is devised or bequeathed, by appropriate words of present gift, to those of a class (i. e., to the children of a life tenant) who are living at the time of the death of the life tenant, is not rendered *contingent* by the possibility that children of such class may be born *after* the death of the testator and *prior* to the death of the life tenant. The birth of such a child simply causes the then vested remainder to open, and receive the new-born, and then to reclose.

PERPETUITIES: Withholding Estate during Minority. A devise of a life estate to testator's four named grandchildren, with remainder, by appropriate words of present gift, to testator's great-grandchildren by such life tenants, is not rendered violative of the statute against perpetuities by a further provision that remaindermen who are minors at the time of the death of the life tenant may not receive their share until they reach their majority.

*Appeal from Fremont District Court.*—O. D. WHEELER, Judge.

NOVEMBER 22, 1918.

THIS appeal involves a construction of the will of Ellen P. Monroe, with a view to determining whether it violates our statute against perpetuities, or is void for other reasons urged. The trial court held the will to be valid. We find no argument for appellee.—*Affirmed.*

*Tinley, Mitchell & Thornell,* for appellants.

*P. H. Hoop,* Guardian ad Litem, for all minor appellees.

Salinger, J.—I. In the preliminary statement found in the argument for appellants, there is language which might be construed to claim that both the will at bar and the codicil thereto are violative of our statute rule against perpetuities, and that both are void for this and still other reasons. Considering the argument for the appellants as a whole, we incline to the view that the codicil, rather than the original will, is attacked. We are, at all events, of the opinion that none of the objections urged nullify the original will. That will provides:

(a) That the executor invest to best advantage and pay one fourth of the net income to four named grandchildren during their respective lives.

(b) At the death of each or either of said grandchildren, the executor shall pay to the child or children of such deceased grandchild one fourth of the then estate, "absolutely and without qualification."

(c) If such deceased grandchild die without issue, then the portion that would have gone to his issue, had he left any surviving, shall remain in control of the executor, and of its net income he shall pay one third to each then surviving grandchild, during life.

(d) At the death of either of the then said surviving grandchildren, one third of the share created because another grandchild died without issue, shall go to the issue of the grandchild who died leaving issue, "absolutely and without qualification."

We may assume, for present purposes, that everything found in the brief is intended to present an attack upon the will, and so assume that, if the will stopped at the point thus far stated, that such attacks are well made. But the intent of the testator, as it may be ascertained from the

whole of the instrument, is the will: and in addition to
what has been set out, the will has a clause which, in terms,
declares it to be the intention that each of said four grand-
children have one fourth the net income for life; that, at
the death of each grandchild, one fourth of the then estate
go absolutely to the issue of such grandchild, and, if any
grandchild die without issue, the "portion" of that grand-
child shall go as is provided concerning the one fourth
share,—i. e., income for life to the grandchildren, and at
their death, or that of either of them, the principal to any
issue left by such deceased grandchild or grandchildren.
Once more assuming that all in the brief is an attack, and we
find the following arguments against the validity of the
will:

### 1-a

When the gift is in trust, and is, as to the donee, found
only in a direction to the trustee when to pay over or trans-
fer, the gift does not vest until transfer or payment is made.

To this we have to say that, said interpretative clause
in the will being held to be the will, this is a case wherein
the gift is made, not alone in the direction to pay, but else-
where, and in the substantive part of the
will. Where that is so, the great weight of
authority is that no perpetuity is created.
See *In re Crane*, 164 N. Y. 71 (58 N. E. 47);
*Leake v. Robinson*, 2 Mer. 363; Smith on
Executors, Par. 314; *Batsford v. Kebbell*, 3 Ves. 363; *Moore
v. Smith*, 9 Watts (Pa.) 403; *Howe v. Hodge*, 152 Ill. 252
(38 N. E. 1083); *In re Bartholomew*, 1 M. & Gord. 354;
*Olsen v. Youngerman*, 136 Iowa 404; Page on Wills (1901),
Sec. 669, page 784; *Shafer v. Tereso*, 133 Iowa 342. The
most that results is a vesting subject to defeasance if the
beneficiary die before the time at which the executor is di-
rected to pay over or transfer. *Shackley v. Homer*, 87 Neb.
146 (127 N. W. 145). On fair analysis, *McClain v. Capper*,

1. REMAINDERS: bequests implied from mere direction to pay.

98 Iowa 145, *Wilhelm v. Calder*, 102 Iowa 342, *Thorndike v. Loring*, 81 Mass. 391, *Stevens v. Stevens*, (Ky.) 54 S. W. 835, *Kountz's Estate*, 213 Pa. 390 (62 Atl. 1103), and *Beatty's Admr. v. Montgomery's Exr.*, 21 N. J. Eq. 324, hold nothing counter to this.

We have to add what controls on this point and others: to wit, that if, on construing, a doubt arises as to whether a contingent or a vested remainder is intended, it is an elementary rule that the doubt shall be resolved in favor of vesting. See *Ross v. Ayrhart*, 138 Iowa 117; *Shafer v. Tereso*, 133 Iowa 342; *Taylor v. Taylor*, 118 Iowa 407; *Archer v. Jacobs*, 125 Iowa 467, at 476; *Williamson v. Field*, 2 Sanf. Ch. (N. Y.) 533, at 552; *Gray v. Whittemore*, 192 Mass. 367 (78 N. E. 422),—which we select from a multitude. An amplification or application of the rule is that, where all the limitations are to the direct descendants of the testator, it is a circumstance which warrants the inference that vested, rather than contingent, remainders were intended to be created. *Gibbens v. Gibbens*, 140 Mass. 102 (3 N. E. 1); *Stanwood v. Stanwood*, 179 Mass. 223 (60 N. E. 584); *Bancroft v. Fitch*, 164 Mass. 401 (41 N. E. 661); *Gray v. Whittemore*, 192 Mass. 367 (78 N. E. 422); *Shafer v. Tereso*, 133 Iowa 342. In the light of said

2. REMAINDERS: withholding use and possession.

interpretative clause, and of this rule of construction, the most that can be said, up to this point in the discussion, is that not more than use, enjoyment, and possession is postponed. And such postponement does not delay the vesting of the title, and hence is not within the prohibition of the statute. That this is so is held in cases too numerous to be cited, and we select *Phillips v. Harrow*, 93 Iowa 92, 97, citing Section 381, Perry on Trusts (5th Ed.); *Archer v. Jacobs*, 125 Iowa 467; and *Kountz's Estate*, 213 Pa. 390 (62 Atl. 1103). True, under this will, it might be more years after the death of testatrix than are specified in the statute before her great

grandchildren would come into possession, use, and enjoy-
ment. That would manifestly be so if the ancestor had
leased the property for 999 years. Yet such a lease is no
restraint upon alienation, and, therefore, does not offend
the statute. *Starcher Bros. v. Duty,* 61 W. Va. 371 (56 S.
E. 527) ; *First Nat. Bank v. Sioux City Term. R. & W. Co.,*
69 Fed. 441; *Sioux City Term. R. & W. Co. v. Trust Co.,*
82 Fed. 124; *In re Hubbell Trust,* 135 Iowa 637, at 644;
*Todhunter & Williamson v. D. M., I. & M. R. Co.,* 58 Iowa
205. · It follows that, unless something not yet discussed
avoids it, the great-grandchildren took title on the day the
testator died, and, of course, no perpetuity was created.
And see *Meek v. Briggs,* 87 Iowa 610, 614; *Sherlock v.
Thompson,* 167 Iowa 1; *Jordan v. Woodin,* 93 Iowa 453;
*Williamson v. Field,* 2 Sanf. Ch. (N. Y.) 533, at 552; *Stout
v. Stout,* 44 N. J. Eq. 479 (15 Atl. 843) ; *Archer v. Jacobs,*
125 Iowa 467, at 479; *Brown v. Lawrence,* 57 Mass. 390, at
**397.**

### 1-b

The next claim is that, when the will was executed, it
could not be known what great-grandchildren would be in
being when the time for payment or transfer arrived, and,
therefore, the remainder is contingent.

3. REMAINDERS : uncertain remaindermen. Assume that the time when a will is
made is not affected by the time at which
codicils are executed. Still, when the origi-
nal will was executed, the following named great-grandchil-
dren of testatrix were in being, and capable of taking:
Earl Woodard, Paul McMahill, Lisle Allely. This disposes
of this point against appellant. These being then *in esse,*
and having present capacity to take, then, though it can-
not be known that any great-grandchild would be living
when the life estate in the grandchildren lapsed, the re-
mainder is vested. Tiffany on Modern Law of Real Prop-
erty, Par. 120-b; *Fair v. Angus,* (Cal.) 60 Pac. 442;
Williams on Real Property, 267; *Doe v. Considine,* 73 U. S.

458; *Green v. Harvey*, 1 Hare 428; *Shafer v. Tereso*, 133 Iowa 342; *Archer v. Jacobs*, 125 Iowa 467. See, also, *Beatty's Admr. v. Montgomery's Exr.*, 21 N. J. Eq. 324; *Robinson v. Palmer*, 90 Me. 246 (38 Atl. 103) ; *Jackson v. Jackson*, 127 Ind. 346 (26 N. E. 897) ; *Kinkead v. Ryan*, 64 N. J. Eq. 454 (53 Atl. 1053) ; *Kountz's Estate*, 213 Pa. 390 (62 Atl. 1103) ; Fearne on Contingent Remainders, 215, and Sec. 180; *Taylor v. Taylor*, 118 Iowa 407; *Gray v. Whittemore*, 192 Mass. 367 (78 N. E. 422).

II. We have thus far assumed the existence of several objections to the will. As we understand it, the only attack really pressed is this: Appellants urge what we

4. WILLS: opening vested estates to let in after-born children.

hold is an elementary rule: to wit, that it does not suffice that it might turn out the vesting of title has not been deferred too long, but that, to sustain the will, it must be made to appear affirmatively that in no possible contingency can vesting be delayed beyond statute time; whereupon, they contend that no such affirmative showing is made, because one child has been born to a grand child since testatrix died; that testatrix has now been dead more than six years; and that it is possible other grandchildren will be born, 15 or 16 years from now. The existence of that possibility must be conceded. But the making such concession does not settle what its effect is. Under the law, the possibility of after-born heirs, of the class to whom bequest is made, does not make who are remaindermen uncertain, or the remainder contingent, and, therefore, the will void for uncertainty, nor make a will that does not exclude the possibility that vesting is deferred beyond statute time. The only effect that the possibility of after-born heirs has upon the devise to their class is that such birth in part divests the estate vested in others of the class and in being when the will was made, to the extent of letting in the after-born as an equal sharer with these others.

It is held, in *Fair v. Angus,* (Cal.) 60 Pac. 442, that, where an estate is granted to one for life, and to such of his children as shall be living after his death, a present right to the future possession vests at once in such children as are living, subject to open and let in after-born children, and to be divested as to those who shall die with issue. And see *Croxall v. Shererd,* 5 Wall. (U. S.) 288; *McArthur v. Scott,* 113 U. S. 340 (5 Sup. Ct. Rep. 652); *Gilman v. Reddington,* 24 N. Y. 9; *Brown v. Lawrence,* 3 Cush. (Mass.) 390, 397; *Blanchard v. Blanchard,* 1 Allen (Mass.) 223; Lewis on Perpetuities, 455; *Blackburn v. Blackburn,* 109 Tenn. 674 (73 S. W. 109); *Hubbird v. Goin,* 137 Fed. 822; 2 Washburn on Real Property (5th Ed.) 599; *White v. Williamson,* 2 Grant's Cas. (Pa.) 249; *Fosdick v. Fosdick,* 6 Allen (Mass.) 41; *Hall v. Hall,* 123 Mass. 120; *Appeal of Coggins,* 124 Pa. 10 (16 Atl. 579), which so holds where children were born to the grandchildren of the testator after the death of the testator. Randell on Perpetuities, 48. We said, in *Westcott v. Binford,* 104 Iowa 645, at 654, that the fact that it cannot definitely be known who are the heirs or devisees of an ancestor until this ancestor dies, will not create in any devisee a larger estate than the testator intended him to have; and we held, in *Archer v. Jacobs,* 125 Iowa 467, that, where a testator bequeathed one fourth of his entire estate to his daughter for life, the same, upon her death, to go share and share alike to her children, that, on the death of the testator, such children then in being took a vested remainder, unaffected by the possibility of after-born persons entitled to share therein.

That the possibility of after-born children does not affect the validity of the will is settled in this jurisdiction, and in line with the very great weight of authority. An extended investigation has found nothing to the contrary, except *Stout v. Stout,* 44 N. J. Eq. 479 (15 Atl. 843), unless as much may be claimed for *Lockridge v. Mace,* 109 Mo. 162

(18 S. W. 1145) ; *Brown v. Columbia Fin. & Trust Co.*, 123
Ky. 775 (97 S. W. 421) ; *Hall v. Hall*, 123 Mass. 120; *Hub-
bird v. Goin*, 137 Fed. 822, at 831; and *Lawrence v. Smith*,
163 Ill. 149 (45 N. E. 259). We think that none but the
*Stout* case are, on careful analysis, against the rule here-
in announced. Be that as it may, as said, the rule now
declared is settled here, and in harmony with the very great
weight of authority.

III.    Does the codicil make the bequest to the great-
grandchildren void? It provides that, if said grandchildren,
or either of them, leave issue which, at the time of the
death of the ancestor, has not attained ma-

**5. PERPETUITIES :**
**withholding**
**estate during**
**minority.**

jority, then the portion of the estate which,
under the will, is to go to such surviving
minor child or children, shall be retained by
the executor until such child attain majority; and that, at
majority, the executor shall pay over to said minor his
share, plus accumulations from investment during minority,
after deducting payments made for maintenance and educa-
tion of the minor.

What we have said as to the will applies to the codicil.
But the latter raises one question that does not arise as to
the will. It will be noticed that, under the codicil, a situa-
tion may arise under which the executor is required to re-
tain the share of some great-grandchild or great-grandchil-
dren until it or they reach majority, and it is manifestly im-
plied that he is directed not to pay over such share until
then. Now, that here is a contingency resting upon the
death of a grandchild or grandchildren does not, of itself,
negative the vesting, at the death of testatrix, in great-grand-
children of the share dependent upon the death of the grand-
child or grandchildren. *Beatty's Admr. v. Montgomery's
Exr.*, 21 N. J. Eq. 324; *Archer v. Jacobs*, 125 Iowa 467, at
479. So the only remaining question is whether the di-
rection to retain said share "until" its owner becomes of

age makes the bequest to that owner so contingent and uncertain as that it creates, or may prove to create, a perpetuity. We have to say, first, that, if this were true of such share, it would affect nothing but that share. *Archer v. Jacobs,* 125 Iowa 467, at 479; *Lawrence v. Smith,* 163 Ill. 149 (45 N. E. 259); *Dean v. Mumford,* 102 Mich. 510 (61 N. W. 7). Finally, as has been seen, the direction not to pay over or transfer until the donee attain majority, does not, even as to the one share, affect its vesting at the death of the testatrix, unless no gift is made, except it be by the provision that no payment or transfer shall be made until majority is attained. As has been shown, the time for distribution is, in this codicil, not of the substance of the gift, but a limitation upon when possession, use, and enjoyment of a gift made shall be given. See also *Atchison v. Francis,* 182 Iowa 37.

It follows the decree below must be—*Affirmed.*

PRESTON, C. J., LADD and EVANS, JJ., concur.