## In re Kountz's Trust.

*Deeds—Trusts—Rule against perpetuities—Violation.*

The owner of certain bonds conveyed the same in trust for the use of her seven children for their lives and provided "after the death of the last survivor of the seven children, the interest on the principal shall be equally divided among all of the grandchildren until ten years after the youngest shall have become of age, whereupon the principal shall be equally divided among them to be theirs absolutely to do with as to each may seem best." *Held,* the deed violated the rule against perpetuities and the lower court properly awarded the principal to the heirs of the grantor.

Argued Oct. 14, 1915. Appeal, No. 151, Oct. T., 1915, by Commonwealth Trust Company of Pittsburgh, Guardian Ad Litem for Catarina J. Kountz, Carolina V. Kountz, George J. Kountz, Maria E. Kountz, Austin Kountz, minor children of Albert J. Kountz, deceased, from decree of C. P. Allegheny Co., Jan. T., 1913, No. 2730, dismissing exceptions to auditor's report, In Re First Account of Safe Deposit and Trust Company of Pittsburgh, Trustee, under Deed of Trust from Peninah W. Kountz. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Affirmed.

Exceptions to auditor's report. Before SWEARINGEN, J.

From the record it appeared that Peninah W. Kountz, on January 8, 1898, delivered bonds of the face value of $42,000.00 to the Safe Deposit & Trust Company of Pittsburgh, in trust to be held as provided in the following deed:

This indenture, made this first day of January, A. D. 1898, between Peninah W. Kountz, wife of William J. Kountz, of Allegheny City, Pennsylvania, party of the first part; and The Safe Deposit and Trust Company, a

corporation of Pittsburgh, said State, party of the second part, witnesseth:

First. That said first party, for and in consideration of natural love and affection, as well as to secure against the vicissitudes of fortune to each beneficiary hereinafter designated, a moderate periodical income for his or her personal support and maintenance, has, as a special deposit, entrusted to said second party, and its successors, forty-two (42) one thousand ($1,000) dollar one hundred year bonds of The United Traction Company, of said Pittsburgh, said bonds being numbered from 3153 to 3194, both insclusive, for the purposes hereinafter specified, and no other, that is to say:

Second. That said second party will regularly and promptly collect the interest payable upon said bonds, and on or before the fourth day of the month in which the same is received, and on or before the fourth of each month thereafter for the five months succeeding—will pay over one-seventh of said interest, in equal portions, to the following persons, namely:

Caroline K. Jones, wife of Thaddeus C. Jones; Katherine K. Fitch, wife of William H. Fitch; Luella B. Kountz; Mary K. Backus, wife of Raymond B. Backus; William Kountz, Jr., and George McC. Kountz—sons and daughters of said first party; and Albert J. Kountz, son of said William J. Kountz, Sr.

Third. Should any son die without leaving wife or child, or should any daughter die without leaving husband or child, that son's or that daughter's share of both principal and interest shall go to increase the shares of the survivors.

Fourth. Should any daughter die without leaving a child, her husband, so long as he remains unmarried and of good character, shall receive the interest on her portion, and after his death or marriage, the interest shall be paid in equal parts to the other surviving children and to their respective children—the latter to receive equally the parent's portion.

Fifth. Should any of the said sons die without leaving a child, his wife, so long as she remains unmarried and of good character, shall receive the interest on his portion, and after her death or marriage the interest shall be paid in equal parts to the surviving children and to their respective children—the latter to receive equally the parent's portion.

Sixth. After the death of the last survivor of the seven children, the interest on the principal shall be equally divided among all of the grandchildren, until ten years after the youngest shall have. become of age, whereupon the principal shall be equally divided among them to be theirs absolutely, to do with as to each may seem best.

Seventh. No portion of the fund hereby set apart shall be subject, by any device or evasion, or from any point of view, to the control, dictation, engagement, debt or liability of any beneficiary; nor shall any one's share be subject to attachment or execution upon any account whatever.

Eighth. No beneficiary shall ever be paid interest by way of anticipation or advance payment before the same shall have become regularly due and payable.

Ninth. The said trustee, or its successor, acting by itself individually or in concert with other bondholders, shall have full power by every lawful means to enforce payment of interest due upon said bonds; and at all times may and shall assert generally, complete and unrestricted rights of ownership respecting said bonds themselves, until such time as the same may be divided among the grandchildren.

Tenth. Prior to each interest day (January and July first), each beneficiary shall furnish the trustee with his or her postoffice address; in the absence of which special notification, each person's last address shall be considered his or her then residence.

Eleventh. This trust, which is deliberately established after due reflection, shall be accepted by and be

executed by the said trustee as irrevocable on my part, or by my executor, administrator, husband or heirs.

(Signed) PENINAH W. KOUNTZ, [SEAL]

The auditor held that the deed of trust was void and recommended that the corpus of the trust be distributed to the heirs at law of Peninah W. Kountz.

The court dismissed the exceptions to the auditor's report. The Commonwealth Trust Company of Pittsburgh, guardian ad litem, appealed.

*Errors assigned* were in dismissing the exceptions.

*Harry J. Graham,* for appellant.

*W. W. Stoner,* with him *Marcus W. Stoner,* for appellee.

PER CURIAM, January 3, 1916:

The correct conclusion of the learned court below was that under Kountz's Est. (No. 1), 213 Pa. 390, the deed of trust executed by Peninah W. Kountz on January 8, 1898, offended the rule against perpetuities and was therefore void. What was said by Mr. Justice POTTER in that case of the will of the testatrix applies with equal force to her said deed.

Appeal dismissed at appellant's costs.