ESTATE OF ABBY R. SMITH, CHARLES H. WELLES, JR., AND G. D'ANDELOT BELIN, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 109946. Promulgated April 15, 1943.

*C. H. Welles, 3d, Esq.*, for the petitioners.
*Lewis S. Pendleton, Esq.*, for the respondent.

## OPINION.

HILL, *Judge:* The issue for decision here is whether the value of the corpus of the trust of May 1, 1919, at the optional valuation date, less the value of the life estate of Elizabeth Richmond Fisk, hereinafter referred to as the first income beneficiary, may be included in decedent's gross estate for purposes of the Federal estate tax. In determining the deficiency respondent included such value under section 302 (a) and (c) of the Revenue Act of 1926, as amended.[1]

On brief, respondent argues that the terms of the trust instrument were in violation of the Pennsylvania rule against perpetuities, except in respect of the life estate of the first income beneficiary; that all other attempted limitations were, therefore, void and that the value of such property interests remained a part of decedent's estate at her death, subject to the tax under section 302 (a). In the alternative, respondent contends that the value of the remainder interests is includible in the gross estate as transfers intended to take effect in possession or enjoyment at or after decedent's death, within the provisions of section 302 (c). Neither the value of the trust corpus nor the value of the life estate of the first income beneficiary is in controversy.

The first question for consideration is whether the provisions of the trust instrument violated the Pennsylvania rule against perpetuities, decedent having been a resident of Pennsylvania at all times material here. Concededly, the law of Pennsylvania, as interpreted by the courts of that Commonwealth, must govern the determination of this question. It is settled that the law of Pennsylvania governing the vesting of estates follows the general rule which limits the commencement of executory devises to "a life or lives in being and twenty-one years, allowing for the period of gestation." *In re Warren's Estate,* 320 Pa. 112; 182 Atl. 396; *Estate of Gertrude Bucknell Day,* 44 B. T. A. 524, 529. The rule applies to transfers in trust. *In re Kountz's Trust,* 251 Pa. 582; 96 Atl. 1097.

By the terms of the trust instrument here in controversy, decedent directed the trustees to pay the income from the trust property to her daughter, Elizabeth Richmond Fisk, for life, and, upon her death, to

---

[1] SEC. 302. The value of the gross estate of the decedent shall be determined by including the value * * * of all property, real or personal, tangible or intangible, wherever situated, except real estate situated outside the United States—

(a) To the extent of the interest therein of the decedent at the time of his death;

\*     \*     \*     \*     \*     \*     \*

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, * * * intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. * * *

any surviving child or children of such daughter.   In the event of the death of any child or children of the first income beneficiary, leaving issue surviving, such issue was to take the portion of the income the parent would have taken if living.   After the death of the first income beneficiary, the trust fund was, in the discretion of the trustees, to be paid over proportionately to her children as they reached the age of 25 years.   This provision was also to cover the payment to any child or children of any deceased child of the first income beneficiary.   In case the first income beneficiary died without surviving child or children, or grandchildren, before the corpus of the trust had been paid over, the trust fund was to be returned into decedent's estate for distribution to her heirs.

Petitioners contend that upon the death of the first income beneficiary, who was living at decedent's death, all interests of the other beneficiaries would immediately vest under Pennsylvania law.   We can not agree.   The trust instrument clearly discloses that decedent did not make any direct or explicit gift to any of the secondary beneficiaries, either of income or corpus, except as such gifts may be implied from the directions to the trustees to pay over to the designated classes, if, as, and when the specified conditions transpired.   In case of such provisions, the Supreme Court of Pennsylvania has held that the *vesting in interest* is postponed, as well as the *vesting in possession or enjoyment*.   *In re Kountz's Estate*, 213 Pa. 390; 62 Atl. 1103.   The interests here in controversy were, therefore, future interests, and would not necessarily become vested upon the death of the first income beneficiary.

Decedent made no gift to any person designated by name who might, upon the happening of future contingencies, become a member of the classes specified to receive income and remainder interests, although five such persons were living at decedent's death.   The beneficiaries of these future interests were designated only as classes, the members of which could not be ascertained until the happening of indeterminate future events, and the possibility is obvious that some member or members of such classes who might ultimately become entitled to take under the terms of the trust instrument could not have been ascertained (and hence no interest vested in them) until after expiration of a period measured by a life or lives in being at decedent's death and 21 years thereafter.

For example, any one of the four daughters of the first income beneficiary, all of whom were living at decedent's death, might after decedent's death have had a child born to her.   If such daughter had then died before becoming entitled to receive her share of the trust corpus, the child would take such share upon reaching the age of 25 years.   Thus, the vesting of the interest of such child in the corpus might be postponed beyond the period permitted by Pennsylvania law and

would be void.  A substantially similar illustration will demonstrate the same result in respect of possible income interests of grandchildren of the first income beneficiary.  These gifts of future interests in both income and corpus, having been made to classes, and being void at least as to some of them, are void as to all.  *Appeal of Coggins*, 124 Pa. St. 10; 16 Atl. 579, 581.

In the last cited case the testator bequeathed a fund in trust for the benefit of his four children, each to receive an equal share of the income for life.  Upon the decease of each one-fourth of the corpus was to go to the use of his child or children who should attain the age of 25 years, and to the issue of any who died under that age.  The Supreme Court of Pennsylvania held that the legacy to the grandchildren was contingent, vesting only in such as should attain the age of 25 years and only as each reach that age, including those born after as well as before the testator's death.  It was further held that, since by the terms of the will the vesting of the remainders might be postponed for more than 21 years after the deaths of the life tenants, the rule against perpetuities was violated and the remainders were void.  In its opinion the court said:

It is a conceded principle that future interests must vest within a life or lives in being and 21 years.  It is not sufficient that it may vest.  It must vest within that time, or the gift is void,—void in its creation.  Its validity is to be tested by possible, and not by actual, events.  And if the gift is to a class, and it is void as to any of the class, it is void as to all.  Authority is scarcely needed for so familiar a proposition.

This principle is again affirmed by the Supreme Court of Pennsylvania in *In re Wanamaker's Estate*, 6 Atl. (2d) 852, in the following language:

We conclude that the confused language used by the testator defers the vesting of the remainder interests until twenty-one years after the date of the death of the last survivor of the grandchildren as a *class*, irrespective of whether or not the grandchildren were living at his death.  The language used does not limit the life estates to grandchildren living at the death of the testator, but to grandchildren generally.  We said in *Hogg's Estate*, 329 Pa. 163–167; 196 A. 503, 505, "The rule is well established, however, that where there is a bequest to a class its members are determined as of the time appointed for distribution, and it is of no consequence that the testator, at the time of the execution of his will, may not have had in mind the individuals who might eventually come to compose such class."  Our conclusion is that under the language used, the remainders disposing of corpus are illegal and void.  *Koontz's Estate (No. 1)* 213 Pa. 390, 62 A. 1103, 3 L.R.A.N.S. 639, 5 Ann. Cas. 427.

See also *In re Feeney's Estate*, 293 Pa. 273; 142 Atl. 284, where the court held that a remainder could not be limited to take effect upon a contingency, such as the death of the second life tenant more than 21 years after that of the first life tenant, where the second life tenant might be born subsequent to the testator's death, even though he would be *in esse* during the life of the first life tenant.

The interests of the secondary classes of beneficiaries in the instant case were clearly contingent, since they depended in respect of income not only upon their survival of the first income beneficiary, but upon the future contingency of the ages of such beneficiaries at the date of death of the first income beneficiary, and, in respect of the corpus, upon their attaining the age of 25 years, and finally upon the discretion of the trustees as to distribution of the corpus.

In the light of the decisions of the Pennsylvania courts, we are impelled to hold that the terms of the trust instrument in controversy were in violation of the rule against perpetuities and therefore void, except only as to the life estate of the first income beneficiary. On the issue submitted for decision, respondent's determination is approved. Cf. *Estate of Gertrude Bucknell Day, supra; Estate of George M. Henderson,* 45 B. T. A. 1080.

In view of the conclusion reached, it becomes unnecessary to consider respondent's alternative contention that the remainder value is includible in decedent's gross estate under section 302 (c), *supra*, as a transfer intended to take effect in possession or enjoyment at or after death.

The stipulations of the parties respecting an allowable deduction from the gross estate and a credit against the amount of tax due will be given effect on final settlement.

*Decision will be entered under Rule 50.*