ESTATE OF BENJAMIN L. ALLEN, BY BENJAMIN L. ALLEN, JR. AND LOUIS S. ALLEN, EXECUTORS OF THE WILL OF SAID DECEDENT, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 399. Promulgated May 15, 1944.

*Jacob Mertens, Jr., Esq.*, for the petitioners.
*Scott A. Dahlquist, Esq.*, for the respondent.

#### OPINION.

MURDOCK, *Judge*: An opinion in this case was promulgated on April 4, 1944. It was thereafter reconsidered and rejected by the Court, so that the present opinion now becomes the opinion of the Court in this case.

The Commissioner determined a deficiency in estate tax in the amount of $1,626.64. The error assigned is the action of the Commissioner in including in the gross estate a remainder interest in property held by a trust created by the decedent on June 6, 1919. The parties are in agreement upon all of the facts, and the stipulation filed, together with admissions in the pleadings, are adopted as the findings of fact.

The decedent, Benjamin L. Allen, died on November 5, 1939, a resident of the State of New York. His executors filed an estate tax return for his estate with the collector for the first district of New York.

The decedent, by deed of trust dated June 6, 1919, created an irrevocable trust in which he provided that the income should be paid

to his daughter, now Catharine St. George Smith, for life after she became 21, and upon her death the principal and accrued income should be paid to her issue, and in default of issue to such of her brothers and sisters who might then be living, and to the issue of such or them as might have died leaving issue. It further provided:

In case said Catharine Allen and all her brothers and sisters shall die without leaving issue before the death of the Grantor, said Trustee shall pay over and deliver to the Grantor, or any such person or persons as he may direct during his life or may designate by will, all said trust estate and such income as may remain in its hands at the time of such payment.

The decedent was survived by his daughter, Catharine; Audrey St. George Smith, a child of Catharine; Evelyn Allen Pierson, Benjamin L. Allen, Jr., and Louis S. Allen, a sister and brothers of Catharine; and June Pierson and Jacqueline Pierson, children of Evelyn. Louis S. Allen, Jr., and Mary L. Allen, children of Louis S. Allen, have been born since the decedent's death.

The executors did not include any part of the corpus of the trust in the gross estate of the decedent for estate tax purposes. The respondent, in determining the deficiency, included in the gross estate $7,438.91 representing the value of the remainder interest in the trust estate after the life estate of Catharine, as a transfer to take effect in possession or enjoyment at or after the death of the decedent. Sec. 811(c), I. R. C. There is no contention that the transfers to the trust were made in contemplation of death.

This case is decided for the petitioner upon authority of *Frances Biddle Trust*, 3 T. C. 832, since the facts in the two cases are sufficiently similar in all important respects to require similar results.

Reviewed by the Court.

*Decision will be entered under Rule 50..*

---

SMITH, dissenting: Decision in this case is for the petitioner upon the authority of *Frances Biddle Trust*, 3 T. C. 832. I think that that case is distinguishable from the instant one upon its facts. There, the decedent had created a trust for the benefit of her son. By the trust instrument the decedent provided:

* * * if there are no children or the issue of deceased children of Sydney G. Biddle living at the time of his decease, then this Trust shall forthwith cease and terminate and the property made the subject of this Trust shall revert to and become a part of the Estate of Frances Biddle, and Philadelphia Trust Company shall have full and complete power and authority to transfer, assign and set over all and any of the securities and property at that time held in this Trust to the legal representatives of the said Estate of Frances Biddle.

The decedent in that case did not provide that any part of the assets of the trust should revert to her if living at the date of the

death of her son and descendants. She simply provided for a complete disposition of the trust assets in case there were no descendants of her son living at the date of the termination of the trust. No interest in the trust was terminable at her death.

The facts in the instant case are quite different. The decedent, and grantor of the trust, provided that, if all of the named beneficiaries and issue of beneficiaries should die before he did, the trustee was to turn the property back to him. He was to repossess the property in the event of such contingency.

In *Helvering* v. *St. Louis Union Trust Co.*, 296 U. S. 39, the Court stated the facts to be as follows:

> The decedent, several years prior to his death, transferred to a trustee certain securities in trust, to be held, managed, and disposed of as an active trust, the net income thereof to be paid to the decedent's daughter during her life, with remainder over to the persons named. The trustee was given discretionary power to terminate the trust whenever the trustee might deem it wise to do so, whereupon the estate was to revert to the grantor. The indenture contained a further provision that if the daughter predecease the grantor, the trust shall terminate and the trust estate be transferred, paid over, and delivered to the grantor, to be his absolutely. * * *

The Supreme Court held in an opinion written by Mr. Justice Sutherland, who also wrote the opinion in *Klein* v. *United States*, 283 U. S. 231, that no part of the trust assets was to be included in the gross estate of the decedent grantor. He stated:

> * * * His death passed no interest to any of the beneficiaries of the trust, and enlarged none beyond what was conveyed by the indenture. His death simply put an end to what, at best, was a mere possibility of a reverter by extinguishing it; that is to say, by converting what was merely possible into an utter impossibility. * * *

Much the same facts obtained in *Becker* v. *St. Louis Union Trust Co.*, 296 U. S. 48. It was held that the grantor's irrevocable transfer to himself of property in trust for his children on condition that each trust should revert to the grantor, if the child, who was beneficiary thereunder, should predecease the grantor, was not a trust taxable as one "intended to take effect in possession or enjoyment at or after death."

In *Helvering* v. *Hallock*, 309 U. S. 106, the reasoning of the Court in the two St. Louis Trust cases was condemned. The Court said:

> * * * We therefore reject as untenable the diversities taken in the *St. Louis Trust* cases in applying the *Klein* doctrine—untenable because they drastically eat into the principle which those cases professed to accept and to which we adhere.

The only substantial difference which I can see between the facts in the instant proceeding and those in the above cited *St. Louis Union Trust Co.* cases is that here the possibility of reverter was more

remote than in those cases. But there is nothing stated in *Helvering v. Hallock, supra*, which would lead me to believe that the remoteness of the possibility of reverter is important in reaching a decision. If a decedent grantor has at the date of his death an interest in the transferred assets, the value of that interest is includible in the gross estate of the decedent. Where death cuts off the possibility of reverter the value of the decedent's interest in the transferred assets is includible in the gross estate. This it seems to me is plainly the teaching of the *Hallock* case.

We must assume in the instant proceeding that the decedent intended to retain an interest in the transferred assets. Death has stopped his mouth from the expression of an intention. That intention must be gained from the trust instrument.

The respondent determined that the corpus of the trust created by the decedent had a value at the date of death of $23,815.46 and a value of $20,961.20 as of the optional valuation date. He further determined that the value of the decedent's remainder interest for estate tax purposes was $7,438.91. The petitioner does not contend that this valuation is in error, provided the case is ruled by the principle of the *Hallock* case.

TURNER, *J.*, agrees with this dissent.