Estate of Abby R. Smith, Charles H. Welles, Jr., and G. D'Andelot Belin, Executors v. Commissioner.
Estate of Smith v. Commissioner
Docket No. 109946.
United States Tax Court
1944 Tax Ct. Memo LEXIS 238; 3 T.C.M. (CCH) 495; T.C.M. (RIA) 44174; May 23, 1944
*238 C. H. Welles, 3rd., Esq., 1014 First Nat. Bank Bldg., Scranton, Pa., for the petitioners. Lewis S. Pendleton, Esq., for the respondent. HILL Memorandum Opinion HILL, Judge: This proceeding involves an estate tax deficiency of $10,365.72. The only contested issue is whether the value of certain property conveyed in trust by the decedent in 1919, less a life estate therein, is includible in the gross estate of the decedent. Respondent contends that such value is includible by reason of the provisions of either Section 302 (a) or Section 302 (c) of the Revenue Act of 1926, as amended. In an opinion in this proceeding promulgated April 15, 1943 and reported in 1 T.C. 963 we held that the terms of the trust instrument in controversy were in violation of the rule against perpetuities and therefore void. Accordingly, respondent's determination was approved as being required by section 302 (a). We there did not consider whether or not the remainder value also might be includible in decedent's gross estate under section 302 (c) as a transfer to take effect in possession and enjoyment at or after death, believing it unnecessary to decide this point. Our decision *239 was made the subject of an appeal to the Circuit Court of Appeals for the Third Circuit which reversed and remanded the case to us for further proceedings consistent with its opinion filed February 2, 1944 and reported at 140 Fed. (2d) 759. The Circuit Court held the gifts in trust involved as violative of the rule against perpetuities only to the extent of the interests sought to be created in children of such of the decedent's grand-children as were born after the execution of the trust. The Circuit Court further held that we must initially determine the question of whether the future interests are includible in the gross estate under Section 302 (c) as a transfer intended to take effect in possession or enjoyment at or after the decedent's death. Hence, this is the question before us now. The facts in the proceeding were stipulated and reference may be had to our previous opinion for a summary of them. It is enough for present purposes to again state that the trust, made irrevocable in 1925, provided for the payment of the income to decedent's daughter, Elizabeth Richmond Fisk, for the daughter's life and thence to her surviving child, children, grandchild *240 or grandchildren with a proportionate share of the trust corpus to be paid over to the latter person or persons when he or they each reached the age of twenty-five, subject to the trustee's discretion. The trust provided, inter alia, "In the case of the death of Elizabeth Richmond Fisk without leaving child or children, or children of deceased child or children, before the corpus of the trust estate has been paid over, then and in that case the said trust fund any (sic) any unpaid interest or income shall be returned unto my estate for distribution to my heirs." At the time of the creation of the trust Elizabeth had three children. Another child was born in 1921. All were living at decedent's death as was a grandchild (great grandchild of decedent) born in 1933. The situation spelled out by the facts here is in all material respects the same as that presented in the case of Frances Biddle Trust, 3 T.C. 832 wherein the identical issue was involved and decided in the taxpayer's favor. Upon the authority of that case we hold that the value of the remainder interest in the trust estate was not a transfer to take effect in possession or enjoyment at *241 or after the death of the decedent within the meaning of Section 302 (c) of the Revenue Act of 1926, as amended. See also Estate of Benjamin L. Allen, 3 T.C. 844, and Lloyd et al., Executor v. Commissioner, 141 Fed. (2d) 758 (CCA 3). Decision will be entered under Rule 50.