Estate of Rebecca L. Elias, Deceased, Milton Baruch and Central Hanover Bank and Trust Company, as Executors under the Last Will and Testament of Rebecca L. ELIAS, Deceased, v. Commissioner.
Estate of Elias v. Commissioner
Docket No. 1599.
United States Tax Court
1944 Tax Ct. Memo LEXIS 187; 3 T.C.M. (CCH) 668; T.C.M. (RIA) 44225; July 6, 1944
*187 Edward H. Beck, Esq., 100 Broadway, New York, N.Y., for the petitioner. Henry C. Clark, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: This case involves Federal estate tax. Deficiency was determined in the amount of $79,464.42, all of which is placed in issue, and petitioners claim overpayment of $3,688.58. The question presented is whether the value of remainders after the life interests of primary beneficiaries under trusts created by the decedent, Rebecca L. Elias, is included in gross estate as transfers to take effect in possession or enjoyment at or after decedent's death, under the provisions of section 811 (c) of the Internal Revenue Code. All facts have been stipulated. We adopt the stipulation and find the facts therein set forth. In pertinent part they are: [The Facts] Each of the seven trusts set up contained a provision that excepting for the right to change and designate trustees, the grantor should "have no power to revoke, amend or alter the said trust and the rights and interests of the beneficiaries." The settlor could not be trustee. In three of the trusts the income is given to a daughter of decedent for her life, thereafter to a grandchild *188 for life; with corpus to issue of the grandchild, or if none, to the daughter's surviving issue, or if none, to then surviving issue of the grantor. In each of two other trusts, income is given to a grandchild, with provision that he take the corpus in installments at certain dates, and in case of his death prior thereto, that any balance of corpus go to his issue, or if none, to his brothers and sisters or their surviving issue, or if none, to the issue of the grantor. Each of the two remaining trusts provides for income for a grandchild, corpus to his issue, or if none, to his brothers and sisters or their issue surviving, or if none, to the issue of the grantor. At the time of her death, at the age of 80 years, the settlor left surviving her three children and seven grandchildren. At the trial counsel for respondent stated, correctly, that this is "one of these remote possibility of reverter cases." The trust instruments, as above seen, provide for no reverter to the settlor, and to settlor's issue only in case of death of all beneficiaries. On brief, the respondent agrees that under the facts as here presented this Court has determined that nothing is to be added to the gross *189 estate because of the trusts - but contends that his position should be sustained. The petitioner cites, among other cases, Commissioner v. Kellogg, 119 Fed. (2d) 54; and Lloyd's Estate v. Commissioner, 141 Fed. (2d) 758, has since been decided to the same general effect, that is, that reverter to the settlor or his legal representative by mere operation of law does not cause application of section 811(c) of the Internal Revenue Code, where there was provision for power of appointment in settlor's son, and upon his failure to appoint, trust principal was to be paid to the son's wife and descendants, and if none, to be paid to settlor or his legal representatives. In Frances Biddle Trust, 3 T.C. 832, we followed the Lloyd case, in a case where the reversion was to settlor's estate, in case of failure of issue, or death of all issue of the settlor's son; and on the authority of that case decided Estate of Benjamin L. Allen, 3 T.C. 844. See also Estate of Lester Hofheimer, 2 T.C. 773; and Estate of Ellen Portia Conger Goodyear, 2 T.C. 885. *190 Though in Fidelity-Philadelphia Trust Co. v. Rothensies, 142 Fed. (2d) 838, where the trust instrument provided income for life to the settlor, thereafter to her two daughters for life, with remainder to their descendants, or if none, to such persons as the trustor should appoint by will, it was held that the transfer was includible in gross estate, the case distinguished the Kellogg case, stating that, "Kellogg retained nothing. He had merely a possibility of reverter." It is apparent, therefore, that the court considered that the settlor there retained more. Here there was only remote possibility of reverter, and then not to the settlor nor her estate, but to her surviving issue. Only in case there were no such surviving issue could the settlor take, by operation of law, because of lack of other provision in the trust instrument. We hold that the value of the remainder interests is not includible in gross estate, within section 811(c) of the Internal Revenue Code. Decision will be entered for the petitioner.