Estate of Margaret Eyre Girvin, Deceased, The Bank of California, N.A., Executor v. Commissioner.
Estate of Girvin v. Commissioner
Docket No. 2396.
United States Tax Court
1944 Tax Ct. Memo LEXIS 15; 3 T.C.M. (CCH) 1290; T.C.M. (RIA) 44393; December 7, 1944
*15 Edward Hale Julien, Esq., for the petitioner. Eugene Harpole, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: Respondent determined a deficiency in estate tax in the amount of $14,344.29, all of which is in issue. The controversy arises because of respondent's inclusion in the gross estate, under section 811(c), Internal Revenue Code, of the subject matter of a transfer in trust made by decedent during her lifetime. [The Facts] The case was submitted upon a stipulation of facts, certain exhibits, and the brief oral testimony of one witness. The stipulation shows that petitioner's decedent died January 16, 1941, a resident of California, at the age of 78. On June 26, 1924, she created a trust consisting of property which on the date of death had a fair market value of $97,854.81. No part of this value was included in the estate tax return filed by petitioner. The trust in question was established shortly after the death of decedent's husband on April 5, 1924. His last will and testament was probated on June 25 of that year. His estate consisted in part of an undivided one-half interest in the community property of the marital community consisting of himself *16 and decedent. The subject matter of the trust created by decedent was her half of that community property. The husband's will created a trust of which the income was payable to decedent during her life "and after her death to divide the said Trust fund between my said son Richard Girvin and my said daughter Lee Girvin Tevis in such shares and proportions that my said son shall receive and be paid one moiety or equal half part of the said Trust fund less Seven thousand five hundred dollars * * * and that my said daughter shall receive one moiety or equal half part of the said Trust fund and in addition the Seven thousand five hundred dollars * * *." Upon the death of either child his share was to go to his issue or if none to the survivor. The trust created by decedent, after referring to the death of her husband and the creation of the trust under his will, appointed the same trustee and transferred to it "all the community property or interest of said part of the first part [decedent] in or to the estate of said Richard Donald Girvin, deceased, [the husband] which went to, belongs to, or may belong to her, as the surviving spouse of said deceased * * * as fully and effectually *17 as though said community property or interest of said party of the first [sic], otherwise going to or belonging to her, was and could be devised and bequeathed unto said party of the second part [the trustee] in trust as aforesaid in and by said Will, to which a reference is hereby made for further particulars." Decedent's will was dated November 7, 1932. After leaving her personal effects, the residue was placed in trust with the same trustee, the income to be paid to her two children for life with the remainders going to the issue of the respective life beneficiaries. We find the facts to be as stipulated. We make the further findings that on June 26, 1924, Richard Girvin, decedent's son, had three children, and Lee Girvin Tevis, her daughter, had two children; both children, all five grandchildren, and a great grandchild born subsequently were all alive at the date of the hearing herein. Respondent's insistence that the transfer in question was made in contemplation of death creates an issue which ordinarily would be treated as predominantly one of fact. United States v. Wells, 283 U.S. 102, 75 L. Ed. 867, 51 S. Ct. 446. And the burden of producing the necessary factual proof *18 would rest upon petitioner. Purvin v. Commissioner (C.C.A., 7th Cir.), 96 F.2d 929, certiorari denied, 305 U.S. 626, 83 L. Ed. 401, 59 S. Ct. 88. It is evident, however, from the form and manner of presentation that the parties did not regard themselves as at variance in respect to issues of fact nor anticipate that the disposition of the case would require the consideration of the details of factual background frequently resorted to in contemplation of death cases. Such evidence as there is, including the apparent motive of decedent in creating the trust, her age at the time, and the interval prior to her death have a tendency to suggest the absence of the motive characterizing taxable transfers. The apparent basis for respondent's conclusion is one which might rather be ascribed to the legal effect of the trust instrument. It is decedent's reference to her husband's death and to her desire to have the trust property dealt with similarly to that which he disposed of by his will upon which he relies. In this we think the attempt must be unsuccessful. The provisions in question make it evident that the trust was created in contemplation of the husband's *19 death and were testamentary in character only as related to his will. But that is far from saying that decedent was contemplating her own death or that she was making what amounted to a disposition in substitution for her own will. That document was prepared some eight years later and in fact did not dispose of her separate property in a manner identical to that established by the trust. The similarity of the latter to the provisions of the husband's will can, we think, have no bearing upon the testamentary character of decedent's own disposition. The single respect in which there might be said to lie some suggestion that decedent's dispositions dealt with contingencies connected with her death was the reservation to herself of the life estate and the provision for the devolution of the property thereafter. But this is a consideration to which we are not permitted to resort in settling such controversies. May v. Heiner, 281 U.S. 238, 74 L. Ed. 826, 50 S. Ct. 286. Though less intensely urged, there is an additional issue as to the applicability of Helvering v. Hallock, 309 U.S. 106, 84 L. Ed. 604, 60 S. Ct. 444. On that score it should be sufficient to point out that the reversion *20 to which the estate might be subject, - by operation of law and not by force of any provision of the trust itself, - could arise only upon decedent's survival of two children and five grandchildren, all of whom were living upon the establishment of the trust. These circumstances make it impossible to view this transfer as intended to take effect at or after decedent's death. Estate of Benjamin L. Allen, 3 T.C. 844; Frances Biddle Trust, 3 T.C. 832; Commissioner v. Kellogg (C.C.A., 3rd Cir.), 119 F.2d 54; Lloyd v. Commissioner (C.C.A., 3rd Cir.), 141 F.2d 758. We conclude that no part of the transferred property is includible in decedent's estate. Decision will be entered for the petitioner.